1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD M.GILMAN,

11              Plaintiff,                 No. CIV S-05-0830 LKK GGH P

12       vs.

13   M. PEREZ, et al.,

14              Defendants.                ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Plaintiff has filed a second amended complaint, pursuant to the court's order

18   filed on July 27, 2005.  As noted in that prior order, plaintiff had paid the filing fee, but plaintiff

19   was granted leave to file an in forma pauperis affidavit so that, although no further fee would be

20   assessed, if plaintiff were found to qualify for in forma pauperis status, the court could direct

21   service of this action upon defendants by the U.S. Marshal.  However, plaintiff failed to file the

22   requisite in forma pauperis affidavit, pursuant to 28 U.S.C. § 1915; therefore, as cautioned,

23   plaintiff must proceed upon the service of this action entirely on his own, pursuant to Fed. R.

24   Civ. P. 4.

25          Plaintiff's second amended complaint states a cognizable claim for relief pursuant

26   to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against defendants Booker Welch; Noreen

1

1  Blonien; Margarita Perez; Dennis Kenneally; Arnold Schwarzenegger.  If the allegations of the

2  complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of the action.

3  Defendants, by their filing of July 18, 2005, have stated that waivers of service have already been

4  signed and returned on behalf of defendants Perez, Blonien and Welch.[1]  This occurred because

5  plaintiff had served these defendants pursuant to Fed. R. Civ. P. 4, prior to the required screening

6  by this court of plaintiff's filing.

7       The Clerk of the Court will be directed to issue the appropriate number of

8  summonses to plaintiff for purposes of service of process upon the defendants who remain

9  unserved.  See Federal Rule of Civil Procedure 4.  As to those defendants who have been served,

10 they have 30 days to file their response to the second amended complaint, filed on August 4,

11 2005.

12      Plaintiff shall complete service of process in accordance with Federal Rule of

13 Civil Procedure 4 within sixty days from the date of this order.[2]  The parties are informed that

14 they may, if all consent, have this case tried by a United States Magistrate Judge while preserving

15 their right to appeal to the Circuit Court of Appeals.  An appropriate form for consent to trial by a

16 magistrate judge is attached.  Any party choosing to consent may complete the form and return it

17 to the clerk of this court.  Neither the magistrate judge nor the district judge handling the case

18 will be notified of the filing of a consent form unless all parties to the action have consented.

19      In accordance with the above, IT IS HEREBY ORDERED that:

20      1. Defendants Perez, Blonien and Welch must file their response to the August 4,

21 2005 second amended complaint within 30 days;

22      2. The Clerk of the Court is directed to issue and send plaintiff two (2)

23

24 [1]Two defendants not specifically named in the second amended complaint, Louie DiNinni and Jones Moore, have also had waivers signed on their behalf at the time plaintiff served his first amended complaint prior to the court's having screened this action.

25

26 [2] Plaintiff is cautioned that this action may be dismissed if service of process is not accomplished within 120 days from the date the complaint was filed.  See Fed. R. Civ. P. 4(m).

2

summonses, for defendants Dennis Kenneally; Arnold Schwarzenegger.  The Clerk shall also send plaintiff six (6) copies[3] of the form "Consent to Proceed Before United States Magistrate Judge" with this order.

2.  Plaintiff shall complete service of process on defendants Kenneally and Schwarzenegger within sixty days from the date of this order.  Plaintiff shall serve a copy of this order and a copy of the form "Consent to Proceed Before United States Magistrate Judge" on each defendant who has not yet been served at the time the summons and complaint are served; as to those defendants who have been served the Clerk is providing plaintiff with enough consent forms for plaintiff to serve one upon each of them as well.

3.  Defendants Kenneally and Schwarzenegger shall reply to the complaint within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

4.  Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall be briefed pursuant to Local Rule 78-230(m).  Failure to oppose such a motion timely may be deemed a waiver of opposition to the motion.  Opposition to all other motions need be filed only as directed by the court.

5.  If plaintiff is released from prison at any time during the pendency of this case, any party may request application of other provisions of Local Rule 78-230 in lieu of Local Rule 78-230(m).  In the absence of a court order granting such a request, the provisions of Local Rule 78-230(m) will govern all motions described in #4 above regardless of plaintiff's custodial status. See Local Rule 1-102(d).

6.  Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), plaintiff is advised of the following requirements for opposing a motion to dismiss for failure to

---

[3] One for plaintiff and one for each unserved defendant as well as one for each defendant who has been served.

3

1  exhaust administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of

2  the Federal Rules of Civil Procedure.  Such a motion is a request for dismissal of unexhausted

3  claims without prejudice.  The defendant may submit affidavits or declarations under penalty of

4  perjury and admissible documentation to support the motion to dismiss.  To oppose the motion,

5  plaintiff may likewise file declarations under penalty of perjury and admissible documentation.

6  Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the

7  complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to

8  the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve

9  and file one or more affidavits or declarations by other persons who have personal knowledge of

10 relevant matters.  Plaintiff may also rely upon written records, but plaintiff must prove that the

11 records are what plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence

12 with admissible evidence, the court may rely on the defendant's evidence.  In the event both sides

13 submit matters outside the pleadings, the court may look beyond the pleadings and decide

14 disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the

15 court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the

16 defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's

17 unexhausted claims will be dismissed without prejudice.

18        7.  Pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),

19 <u>cert. denied</u>, 527 U.S. 1035 (1999), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988),

20 plaintiff is advised of the following requirements for opposing a motion for summary judgment

21 made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a motion

22 is a request for an order for judgment in favor of defendants without trial.  A defendant's motion

23 for summary judgment will set forth the facts that the defendants contend are not reasonably

24 subject to dispute and that entitle the defendants to judgment.  To oppose a motion for summary

25 judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of

26 the following ways.  Plaintiff may rely upon statements made under the penalty of perjury in the

complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are. Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary judgment granted. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendants' motion. If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion. If the defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed.

8. A motion or opposition supported by unsigned affidavits or declarations will be stricken.

9. Each party shall keep the court informed of a current address at all times while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." A notice of change of address must be properly served on other parties. Pursuant to Local Rule 83-182(f), service of documents at the record address of a party is fully effective. Failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

1        10.  The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of

2   Court.

3        11.  The failure of any party to comply with this order, the Federal Rules of Civil

4   Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but

5   not limited to, dismissal of the action or entry of default.  Fed. R. Civ. P. 11; Local Rule 11-110.

6   DATED: 10/26/05

7

8                                              /s/ Gregory G. Hollows
                                        _____
9                                              UNITED STATES MAGISTRATE JUDGE

10  GGH:009
    gilm0830.8fee

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26