IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD M. GILMAN,

      Plaintiff,                      No. CIV S-05-0830 LKK GGH P

     vs.

M. PEREZ, et al.,

      Defendants.               ORDER

_____/

        By order filed on July 27, 2005, plaintiff was afforded an opportunity to file an in forma pauperis affidavit, even though he had paid the filing fee, and informed that, if he qualified for in forma pauperis status, that the U.S. Marshal could be directed to effect service on defendants, but no further filing fee would be assessed. By order filed on October 27, 2005, the court observed that plaintiff had failed to file an in forma pauperis affidavit and would, therefore, be required to proceed upon the service of this action entirely on his own, pursuant to Fed. R. Civ. P. 4.

        Because certain defendants had already returned waivers of service, those parties were directed to file a response to plaintiff's second amended complaint within 30 days. See Order filed on 10/27/05. As to defendants Dennis Kenneally and Arnold Schwarzenegger, however, plaintiff was directed to serve his second amended complaint upon them pursuant to

1

Fed. R. Civ. P. 4, and the Clerk of the Court was directed to issue the appropriate number of summonses to plaintiff for purposes of service of process upon the defendants who remained unserved.

Defendants Perez, Blonien and Welch have filed an answer, and a discovery order is being concurrently filed. As to defendants Schwarzenegger and Kenneally, plaintiff represents that he has served these defendants, but at the same time seeks an extension of time to serve them and confusingly also asks the court to direct the U.S. Marshal to serve these individuals. As noted, plaintiff was informed of the method by which service could be effected by the U.S. Marshal in this matter, but did not avail himself of that process. To the extent that plaintiff seeks an order to have the Marshal serve defendants Schwarzenegger and Kenneally, plaintiff's request is denied. Plaintiff is informed that it does not appear that service upon defendants Schwarzenegger and Keneally has been effected properly, despite plaintiff's representations in his filings.

Fed. R. Civ. P. 4(e) provides that service upon individuals within a judicial district from whom a waiver of service has not been obtained may be made by personal service or pursuant to the law of the state in which the district court is located. Because plaintiff did not personally serve defendants Schwarzenegger and Kenneally, he was required to satisfy California service rules.

Although California law permits service of a summons by mail, such service is valid only if a signed acknowledgment is returned and other requirements are complied with. Cal. Code Civ. Pro. § 415.30.[1] Plaintiff did not comply with the requirements of § 415.30

---

[1] Cal. Civ. Pro. Code § 415. 30 provides:
"(a) A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender.
(b) The notice specified in subdivision (a) shall be in substantially the following form:
(Title of court and cause, with action number, to be inserted by the sender prior to mailing)
NOTICE

although he attempted service by mail because it does not appear that he complied with all of the requirements set forth in § 415.30 (see footnote, which sets forth this code section in relevant part); for example, plaintiff does not appear to have enclosed the requisite copies of the notice and acknowledgment. Plaintiff will be afforded one additional opportunity to serve defendants Schwarzenegger and Kenneally properly.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's November 14, 2005 request for this court to issue an order directing service of process upon defendants Schwarzenegger and Kenneally by the U.S. Marhal is denied;

2. Plaintiff's November 14, 2005 request for an extension of time to effect service upon defendants Schwarzenegger and Kenneally is granted;

3. Plaintiff must, within sixty days, serve process upon defendants Schwarzenegger and Kenneally; failure to do so will result in a recommendation of dismissal of these defendants from this action for plaintiff's failure to serve them in a timely manner, pursuant to Fed. R. Civ. P. 4(m);

4. Plaintiff must serve defendants with a copy of the October 27, 2005 order together with the summons and a copy of the August 4, 2005 second amended complaint; plaintiff must also include a copy of this order, wherein any deadlines with respect to defendants Schwarzenegger and Kenneally, as set forth in the October 27, 2005 order, are hereby extended to run from the date of this order; and

5. The Clerk of the Court is directed to re-issue and re-send plaintiff two summons, for defendants Schwarzenegger and Kenneally. See docket entries Nos. 17 and 18.

---

To: (Here state the name of the person to be served.)
This summons is served pursuant to Section 415.30 of the California Code of Civil Procedure. Failure to complete this form and return it to the sender within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons upon you in any other manner permitted by law... [T]his form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this summons is deemed served on the date of execution of an acknowledgment of receipt of summons."

The Clerk shall also send plaintiff one copy of the second amended complaint, filed on August 4, 2005 (from which plaintiff can make a second copy), two copies of the form "Consent to Proceed Before United States Magistrate Judge," and a copy of the order filed on October 27, 2005 with this order.

DATED: 1/23/06

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
gilm0830.ser