IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD M. GILMAN,

        Plaintiff,                    No. CIV S-05-0830 LKK GGH P

    vs.

M. PEREZ, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Defendants filed, on April 4, 2006, a motion for summary judgment and, on April 5, 2006, a request for a protective order pending adjudication of the motion for summary judgment. Plaintiff has requested an extension of time to file and serve an opposition to defendants' motions for summary judgment and for a protective order. However, plaintiff subsequently timely filed at least a portion of his opposition to the motion for summary judgment (<u>see</u> footnote 1), as well as an opposition to the protective order.

        Plaintiff seeks relief in the form of prospective injunctive relief only for what he alleges is "a systematic pattern or policy of denying parole to male first-degree murderers" by defendants since 1992. Second Amended Complaint, p. 5. He claims that defendants violate his due process rights under the Fourteenth Amendment in relying on unchanging factors in denying parole, including circumstances of the offense and conduct prior to imprisonment, and that

1

1   evidence of rehabilitation and exemplary behavior are not given significant effect. Id. Plaintiff
2   has been eligible for parole since 1995, has appeared before the Board of Prison Terms in 1994,
3   1995, 1997, 1999, 2002, 2003 and 2005, and has never been found suitable for parole. Id., at 10.
4   Plaintiff sets forth statistics from his access to the public record indicating that the average
5   number of first degree murderers who paroled each year from 1945 to 1980 was 40. Id., at 6-10.
6   Plaintiff provides statistics from 1981 through 1991 for the number of first degree murderers
7   found suitable for parole. Id., at 7.  He lists statistics for years 1991-2003 for convicted and
8   sentenced first degree murderers found suitable for parole as well as the gubernatorial reversals
9   of such Board of Prison Term's findings of suitability. Id., at 8. Plaintiff contends that in the
10  years from 1991 to 2003, every male first-degree murderer sentenced to 25 years to life who was
11  approved for parole by the Board of Prison Terms had the approval reversed by the governor.
12  Id., at 8.

13          In their motion for summary judgment, defendants contend that plaintiff lacks
14  standing to bring this action for prospective injunctive relief because the Board of Prison Terms
15  does not have a policy of uniformly denying parole to male first degree murderers.  Motion for
16  Summary Judgment (MSJ), p. 3.  Defendants expressly do not contest plaintiff's statistics for the
17  years 1945 through 2003 by their motion to which they aver the statistics are irrelevant. MSJ, p.
18  7, n.2.

19          The discovery plaintiff seeks for which defendants request a protective order are
20  primarily document production requests concerning statistics/historical data about paroled first
21  degree murderers since 1945.  The court finds these requests largely irrelevant to the pending
22  motion as are plaintiff's first set of interrogatories concerning the bases for affirmative defenses
23  raised by defendants in their answer but not raised in their dispositive motion. See Exhibits A -
24  C, to defendants' April 5, 2006 request for protective order.  As to plaintiff's requests for the
25  transcript portion of parole consideration hearings of male first-degree murderers from January
26  2003 to the present, to the extent that it may be relevant to plaintiff's claim that parole denial is

1 systematically based on unchanging factors, the court finds such a broad request to be overly
2 burdensome.
3      The court, having reviewed both the request for a protective order and plaintiff's
4 opposition to it, has determined that defendants' request should be granted. Plaintiff, however,
5 will be granted twenty (20) days to narrow his requests and to show specifically how the
6 discovery he seeks is relevant and necessary for him to oppose the motion for summary
7 judgment. See Fed. R. Civ. P. 56(f). Plaintiff will also be granted thirty (30) days to file any
8 supplemental opposition, in light of his request for an extension of time to file his opposition,
9 and *due to the fact that plaintiff has apparently failed to file all of the documents in opposition to*
10 *the motion that he served upon defendants*. See letter to the court, dated May 1, 2006, and served
11 upon plaintiff (wherein defense counsel identifies two documents he received from plaintiff not
12 yet filed in this court: 1) plaintiff's opposition to the summary judgment motion and 2)
13 Declaration of Michael Brodheim in support of plaintiff's opposition).[1] Plaintiff must file all
14 documents in this court upon which he intends to rely in opposition to defendants' summary
15 judgment motion. The additional time granted plaintiff to complete/supplement his opposition
16 will also extend the time for defendants to file any reply.
17      Should plaintiff fail to tailor the requests and make the requisite showing of the
18 relevance of the discovery he seeks to his opposition to the pending summary judgment motion,
19 the court will not continue the pending dispositive motion and the protective order will remain in
20 effect, pending adjudication of the dispositive motion. Should, on the other hand, plaintiff make
21 the necessary showing, the court may require a response to more narrowly tailored requests,
22 lifting the stay as to some of the production requests, and the summary judgment motion will be
23 continued.

---

[1] Plaintiff did file, on April 24, 2006, the following documents in opposition to the dispositive motion: 1) plaintiff's declaration in support of his opposition to the motion for summary judgment; 2) plaintiff's itemized response to defendants' statement of undisputed facts; 3) plaintiff's statement of disputed facts.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' April 5, 2006 motion for a protective order staying discovery as to defendants Perez and Welch is granted, subject to a showing by plaintiff, as set forth above, pursuant to Fed. R. Civ. P. 56(f), within 20 days of the filed date of this order;

2. Plaintiff's April 17, 2006 motion for an extension of time to file his opposition to the motion for summary judgment is granted; plaintiff must file all documents to complete/supplement his opposition to the April 4, 2006 motion for summary judgment within 30 days of the filed date of this order. *Plaintiff is cautioned that he may not rely upon documents in opposition that he may have served upon defendants but failed to file in this court*;

3. Any reply to plaintiff's opposition to the motion for summary judgment will be due within seven days of the filing and service of any supplemental opposition by plaintiff or upon the expiration of the time for doing so.

DATED:  5/3/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009/bb
gilm0830.36+