IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD M. GILMAN,

      Plaintiff,                      No. CIV S-05-0830 LKK GGH P

    vs.

M. PEREZ, et al.,

      Defendants.            <u>ORDER</u>

                           /

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has two matters pending before the court: 1) a "motion for summary judgment," filed on December 7, 2005, which was unopposed, and 2) a motion to substitute a party, filed on March 8, 2006.[1]

        In the operative second amended complaint, plaintiff names five defendants, in their official capacities only: Board of Prison Terms and Parole (BPT) Commissioner Booker Welch, BPT Deputy Commissioner Noreen Blonien, BPT Commissioner and Chair Margarita Perez, BPT Executive Officer Dennis Kenneally, Governor Arnold Schwarzenegger. The gravamen of plaintiff's complaint is that defendants' alleged continued reliance on unchanging

---

[1] The court does not address at this time defendants' more recently submitted motion for summary judgment.

1

1  factors, such as the circumstances of plaintiff's offense and his pre-imprisonment conduct, in
2  denying him parole deprives him, a convicted first degree murderer with no prior criminal
3  history, of his due process rights.  Second Amended Complaint (SAC), filed on August 4, 2005,
4  p. 5.  Plaintiff claims that the parole denials to which he has been subject arise from a systematic
5  pattern or policy of denying parole to male first-degree murderers sentenced to a term of 25 years
6  to life, which is contrary to the rehabilitative goals the prison system espouses.  Id.   Plaintiff
7  seeks prospective injunctive relief only, "per Wilkinson v. Dotson," 544 U.S. 74, 125 S. Ct. 1242
8  (2005), asking that the court enjoin defendants from relying on unchanging factors in continuing
9  to deny parole "per Biggs v. Terhune," 34 F.3d 910 (2003), and seeking the scheduling of a new
10 parole consideration hearing "as soon as possible."  SAC, p. 4.

11          Plaintiff's putative motion for summary judgment must be disregarded as such, as
12 it fails to comport with the requirements of Fed. R. Civ. P. 56 and Local Rule 56-260.  The court
13 will instead construe the filing as a motion to strike the demand for a jury trial from the answer
14 filed by defendants Blonien, Perez and Welch,[2] on November 21, 2005, and notes defendants'
15 failure to file any response to the substance of the motion, however denominated.

16          Plaintiff contends that the Seventh Amendment right to a jury trial does not apply
17 to suits seeking injunctive relief, citing City of Monterey v. Del Monte Dunes, 526 U.S. 687,
18 719, 119 S. Ct. 1624 (1999).  Motion, p. 1.  In Monterey, the Supreme Court observed that the §
19 1983 statute "does not itself confer the jury right."  Id., at 707, 119 S. Ct. at 1637.   The Supreme
20 Court held therein "that a § 1983 suit seeking legal relief is an action at law within the meaning
21 of the Seventh Amendment."  Id., at 709, 119 S. Ct. at 1643.  As plaintiff observes, however, the
22 Monterey Court also noted that in suits, inter alia, seeking equitable (or injunctive) relief: "[i]t is
23 settled law that the Seventh Amendment does not apply in these contexts."   Id., at 719, 119 S.
24 Ct. at 1638*.

25 _____

26      [2] The court has recently directed service upon the two remaining defendants, Kenneally and Schwarzenegger.  See Order filed on June 23, 2006.

Plaintiff also relies on a Ninth Circuit case. Motion, pp. 1-2. "[O]nly certain issues carry the right to a jury trial. In particular, "'[t]he [S]eventh [A]mendment preserves the right to trial by jury of all legal claims,' whereas 'no right to a jury exists' for equitable claims." Danjaq LLC v. Sony Corp., 263 F.3d 942 (9th Cir. 2001) [citation omitted].

As noted plaintiff seeks in the instant action only prospective injunctive relief. Generally, parties are not entitled to a jury trial of issues of fact that arise in a proceeding to obtain an injunction. See, e.g., CBS Broadcasting, Inc. v. EchoStar Communications Corp., 450 F.3d 505 (11th Cir. 2006) (no right to jury trial when plaintiff seeks only purely equitable relief such as injunction). Defendants have set forth no opposition to plaintiff's motion and are deemed to have waived any argument. The court will strike the demand for a jury trial from the answer of defendants' Blonien, Perez and Welch.

In plaintiff's motion for substitution of party, pursuant to Fed. R. Civ. P. 25(d), plaintiff asks the court to substitute the name of Susan Fisher, which he avers is the newly appointed Commissioner and Chairperson of the Board of Prison Terms and Parole in the place of the named defendant Margarita Perez, whom plaintiff alleges has resigned as BPT Commissioner and Chairperson. Fed. R. Civ. P. 25(d)(1), states in relevant part:

> When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party.

Plaintiff submits no authenticated evidentiary documentation in support of his motion demonstrating the change of BPT chairpersons; however, the court will assume it to be true due to the silence of defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 7, 2005, "motion for summary judgment" is disregarded as such, and construed, instead, as a motion to strike the jury trial demand from the answer of defendants Blonien, Perez and Welch; as construed, plaintiff's motion is granted and defendants'

3

1  demand for a jury trial is stricken from their answer;

2      2. Plaintiff's March 8, 2006, motion to substitute a party is granted. Susan Fisher

3  is substituted in place of Margarita Perez.

4  DATED: 7/25/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
gilm0830.mtn