1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD M. GILMAN,

11              Plaintiff,                    No. CIV S-05-0830 LKK GGH P

12        vs.

13   S. FISHER,[1] et al.,                    ORDER

14              Defendants.

15   _____/

16   Introduction

17              Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. §

18   1983.   Pending before the court are: 1) a motion for summary judgment, brought by defendants

19   Blonien, Perez (now Fisher) and Welch, filed on April 4, 2006, to which plaintiff filed his

20   opposition on April 24, 2006, and on May 12, 2006,[2] after which defendants filed a reply, on

21   May 22, 2006, plaintiff then seeking leave to supplement the opposition further, on June 15,

22   _____

23        [1] Subsequent to both the filing of the second amended complaint and defendants'
     dispositive motion, by Order, filed on July 26, 2006, Susan Fisher was substituted in in place of
     Margarita Perez, as BPT Commissioner and Chair, in response to plaintiff's motion pursuant to

24   Fed. Civ. P. 25(d).   The court now substitutes the name of S. Fisher in the case caption for that of
     M. Perez.

25

26        [2] By Order, filed on May 4, 2006, plaintiff was granted, inter alia, a 30-day extension of
     time to complete/supplement his opposition to the April 4, 2006, summary judgment motion.

                                            1

1  2006;  and 2) "plaintiff's showing of narrowly tailored discovery requests....," filed on May 12,

2  2006, in response to the court's order, filed on May 4, 2006, granting a motion for a protective

3  order brought by defendants Perez (now Fisher) and Welch, staying plaintiff's discovery

4  requests, subject to a showing by plaintiff within 20 days of the necessity and relevance of the

5  discovery requests, pursuant to Fed. R. Civ. P. 56(f).

6         Having reviewed the motion for summary judgment and plaintiff's much more

7  narrowly tailored discovery requests, the court now finds that plaintiff has made an adequate

8  showing, pursuant to Fed. R. Civ. P. 56(f), will grant his document production request, and will

9  vacate defendants' motion for summary judgment, subject to its being re-noticed thereafter in

10  accordance with the scheduling order, filed on January 23, 2007.  Further, should all defendants,

11  now that all have been served and have answered, wish to join in a motion for summary

12  judgment, or should defendants Fisher, Blonien and Welch seek to supplement the motion for

13  summary judgment, originally filed on April 4, 2006, they may do so in accordance with the

14  dispositive motion deadline set by the scheduling order.

15  <u>Second Amended Complaint</u>

16         In the operative second amended complaint, plaintiff names five defendants, in

17  their official capacities only: Board of Prison Terms and Parole, re-named Board of Parole

18  Hearings (hereafter, Board), as of July, 2005, Commissioner Booker Welch, Board Deputy

19  Commissioner Noreen Blonien, Board Commissioner and Chair Margarita Perez (now Susan

20  Fisher), Board Executive Officer Dennis Kenneally, Governor Arnold Schwarzenegger.[3]  Second

21  Amended Complaint (SAC), filed on August 4, 2005, pp. 1-2, 5.[4]

22  \\\\\

23

24         [3] Defendants Kenneally and Schwarzenegger, who were served after the earlier served
25  defendants had filed their motion for summary judgment, filed their answer on September 18,
2006, and have filed no motion indicating an intention to join the pending dispositive motion.

26         [4] Only the court's electronic pagination is referenced.

2

1    The gravamen of plaintiff's complaint is that defendants' alleged continued

2  reliance on unchanging factors, such as the circumstances of plaintiff's offense and his pre-

3  imprisonment conduct, in denying him parole deprives him, a convicted first degree murderer

4  with no prior criminal history, of his Fourteenth Amendment due process rights.  SAC, p. 5.

5  Plaintiff seeks relief, in the form of prospective injunctive relief only, for what he alleges is "a

6  systematic pattern or policy of denying parole to male first-degree murderers," sentenced to a

7  term of 25 years to life, from approximately June of 1992, through at least December of 2003.

8  SAC, pp. 4-5.  He claims that defendants violate his due process rights under the Fourteenth

9  Amendment in relying on unchanging factors in denying parole, including circumstances of the

10  offense and conduct prior to imprisonment, and that evidence of rehabilitation and exemplary

11  behavior are not given significant effect, contrary to the rehabilitative goals the prison system

12  espouses.  Id.

13    Plaintiff, convicted of first degree murder in 1982, has been potentially eligible

14  for parole since 1995, has appeared before the Board of Prison Terms in 1994, 1995, 1997, 1999,

15  2002, 2003 and 2005, and has never been found suitable for parole.  Id., at 6, 10.  Plaintiff sets

16  forth statistics from his access to the public record indicating that the average number of first

17  degree murderers who paroled each year from 1945 to 1980 was 40.  Id., at 6-10.  Plaintiff

18  provides statistics from 1981 through 1991 for the number of first degree murderers found

19  suitable for parole.  Id., at 7.   He lists statistics for the years 1991-2003 for convicted and

20  sentenced first degree murderers found suitable for parole as well as the gubernatorial reversals

21  of such Board of Prison Term's findings of suitability.  Id., at 8.  Plaintiff contends that in the

22  years from 1991 to 2003, every male first-degree murderer sentenced to 25 years to life who was

23  approved for parole by the Board of Prison Terms had the approval reversed by the governor.

24  Id., at 8.

25    The prospective injunctive relief plaintiff seeks, "per Wilkinson v. Dotson," 544

26  U.S. 74, 125 S. Ct. 1242 (2005), is for defendants to be enjoined from relying on unchanging

1  factors, the circumstances of the offense and pre-imprisonment conduct, in continuing to deny

2  parole "per Biggs v. Terhune," 334 F.3d 910, 916-917 (9th Cir. 2003), and for a new parole

3  consideration hearing to be scheduled "as soon as possible."  SAC, p. 4.

4  Motion for Summary Judgment

5          Defendants move for summary judgment, arguing that plaintiff lacks Article III

6  standing to bring this action for prospective injunctive relief because the Board does not have a

7  policy of uniformly denying parole to male first degree murderers.  Motion for Summary

8  Judgment (MSJ), pp. 1, 3-9.  Defendants also aver that defendant Perez is entitled to summary

9  judgment because she has stopped serving as Board Chair; however, as noted earlier, defendant

10  Fisher, in her official capacity, has previously been substituted in for former defendant Perez in

11  her official capacity, and this ground for defendants motion has been rendered moot.  Defendants

12  expressly do not contest plaintiff's statistics for the years 1945 through 2003 by their motion to

13  which they aver the statistics are irrelevant.  MSJ, p. 7, n.2.

14          *Undisputed Facts*

15          The following facts are not in dispute:

16          1.)  Plaintiff was convicted of first degree murder and sentenced to 25 years to life

17  in state prison.  2.)  The Board has never found plaintiff suitable for parole.  3.) At plaintiff's

18  most recent parole hearing in March, 2005, the hearing panel consisted of defendant

19  Commissioner Welch and defendant Deputy Commissioner Bloniem.[5]  5.) The Board granted

20  parole to 25 first degree murderers in 2002, and to 34 first degree murderers in 2003.  6.)  In

21  2004 and 2005, the Board issued 66 grants of parole to prisoners convicted of first degree

22  murder.  7.)  Of those 66 parole grants the Board issued to first degree murderers in 2004 and

23  2005, 53 were males.  8.)  Of the 53 grants of parole by the Board to male first degree murderers

24

25          [5] Defendants Undisputed Fact (DUF) No. 4, that Perez has not been the administrative
head of the Board since July 1, 2005, is not in dispute but is not relevant as defendant Fisher has
26  been substituted in in that capacity.

1   in 2004 and 2005, 27 were serving sentences of 25 years to life.  9.)  Specifically, in 2004, the

2   Board granted 38 first degree murderers parole (29 males and 9 females).  In 2005, the Board

3   granted parole to 28 first degree murderers (24 males and 4 females).

4           Plaintiff expressly accedes to these undisputed facts set forth by defendants.

5   Opposition (Opp., p. 5).  Both parties observe that it is the Governor, rather than the Board,

6   under Cal. Penal Code § 3041, who is the final authority as to which convicted murderers are

7   released.  Motion, p. 8; Opp., p.5.  Although the undisputed facts demonstrate that defendants

8   have granted parole to some first degree murderers with 25 year-to-life sentences, this does not

9   on the face of it entirely dispose of plaintiff's argument that there may be a discernible pattern,

10  policy or practice whereby defendants continue to deny parole to such prisoners, including

11  himself, solely on the basis of unchanging (and unchangeable) factors.  This might be determined

12  with reference not only to plaintiff's own parole hearing transcripts but the hearing transcripts of

13  similarly situated prisoners for a defined period of time.  Plaintiff has made the requisite showing

14  of the relevance of his narrowly tailored discovery requests (see below).

15  Discovery Requests

16          Fed. R. Civ. P. 56(f) permits the court to continue a dispositive motion to allow

17  the opposing party to obtain discovery to oppose the motion, if the opposing party makes a

18  showing by affidavit[6] of the reasons that the adverse party cannot "present by affidavit facts

19  essential to justify the opposition...." without the discovery at issue.  In an Order, filed on May 4,

20  2006, p. 3, the court stated, in relevant part, as follows:

21          The discovery plaintiff seeks for which defendants request a
            protective order are primarily document production requests
22          concerning statistics/historical data about paroled first degree
            murderers since 1945.  The court finds these requests largely
23          irrelevant to the pending motion as are plaintiff's first set of
            interrogatories concerning the bases for affirmative defenses raised
24          by defendants in their answer but not raised in their dispositive

25  _____

26      [6] Although plaintiff did not sign the request under penalty of perjury, he did sign it and, in
    any event, the court's order did not specifically direct him to do so in his response.

1    motion.  See Exhibits A - C, to defendants' April 5, 2006 request
     for protective order.  As to plaintiff's requests for the transcript
2    portion of parole consideration hearings of male first-degree
     murderers from January 2003 to the present, to the extent that it
3    may be relevant to plaintiff's claim that parole denial is
     systematically based on unchanging factors, the court finds such a
4    broad request to be overly burdensome.

5    The court, having reviewed both the request for a protective order
     and plaintiff's opposition to it, has determined that defendants'
6    request should be granted.  Plaintiff, however, will be granted
     twenty (20) days to narrow his requests and to show specifically
7    how the discovery he seeks is relevant and necessary for him to
     oppose the motion for summary judgment.  See Fed. R. Civ. P.
8    56(f).

9         In a timely response, plaintiff narrowed his requests for production significantly:

10   he now seeks production of the (generally) few pages of the decision portion of parole

11   consideration hearing transcripts from *subsequent* hearings only, as opposed to initial parole

12   consideration hearings, for the past year for male first degree murderers serving sentences of 25

13   years to life.  Plaintiff also makes an adequate showing of the relevance of such discovery to his

14   claim that defendants have violated his due process rights by engaging in an unconstitutional

15   pattern or policy of denying parole to male first-degree murderers, serving 25 years to life, by

16   continued, that is, repeated, reliance on unchanging factors, such as the circumstances of

17   plaintiff's offense and his pre-imprisonment conduct.

18        Accordingly, IT IS ORDERED that:

19        1.  Plaintiff's motion for a continuance, pursuant to Fed. R. Civ. P. 56(f), of

20   defendants' motion for summary judgment is granted, and the stay of plaintiff's discovery

21   requests upon defendants Fisher and Welch is lifted, to the extent set forth below;

22        2.  Defendants' April 4, 2006, motion for summary judgment is vacated from the

23   court's calendar, subject to being re-noticed in accordance with the scheduling order, filed on

24   January 23, 2007.

25        3.  Defendants Fisher and Welch are directed to produce to plaintiff, within 30

26   days, only the specific pages of the decision portion of parole consideration hearing transcripts

1 | solely from *subsequent* parole consideration hearings for convicted male first degree murderers

2 | serving sentences of 25 years to life, for the entire year of 2006, but only that year.

3 |       4. The Clerk of the Court is to note in the docket that the case caption of the

4 | instant matter, CIV S 05-0830 LKK GGH P, has been modified to Gilman v. Fisher, et al. , and is

5 | no longer denominated Gilman v. Perez, et al.

6 | DATED: 1/29/07

                                        /s/ Gregory G. Hollows

                                        GREGORY G. HOLLOWS
                                        UNITED STATES MAGISTRATE JUDGE

GGH:009
gilm0830.vac

7