UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD M. GILMAN, et al.,

        Plaintiffs,

    v.

J. DAVIS., et al.,

        Defendants.
_____/

NO. CIV. S-05-830 LKK/GGH

O R D E R

Plaintiff Richard Gilman, a state prisoner, initially filed this suit on April 7, 2005. At the time, he was proceeding pro se. He named as defendants members of the Board of Parole Hearings (formerly the Board of Prison Terms and Parole) and governor Arnold Schwarzenegger. He alleged in his Second Amended Complaint that defendants maintained "a systematic pattern or policy of denying parole to first-degree murderers," and that this policy was based solely on their offense and pre-imprisonment conduct. (Second Amended Complaint, 4-5) Plaintiff argued that this alleged practice violated the Due Process Clause of the Fourteenth Amendment.

On June 2, 2008, the Magistrate Judge assigned to the case granted Gilman's request for appointment of counsel. At that time, a pretrial conference had been set for June 27, 2008, and a bench trial was anticipated, although dates for the trial had not been set. The Magistrate's order appointing counsel vacated the existing scheduling order, including the pre-trial conference.

The newly appointed counsel "sought leave to file an amended complaint for the purpose of naming the appropriate parties as defendants." (Order of June 20, 2008). The Magistrate's order, however, did not clearly limit the scope of the amendments. The Magistrate ordered that "if plaintiff elects to proceed upon an amended complaint, plaintiff must file a third amended complaint within thirty days. Should plaintiff name additional defendants, as plaintiff's counsel anticipates, counsel is responsible for serving the third amended complaint upon any newly named defendants."

The Magistrate then approved two stipulations extending the deadline for filing an amended complaint. These stipulations noted that extensions were needed so that counsel could interview various potential co-plaintiffs. (See Orders of July 22, 2008 and September 25, 2008.) The Third Amended Complaint ("TAC") was filed on October 7, 2008.

The TAC added four named defendants and ninety-nine Doe defendants. Despite the explicit instruction of the magistrate's order, the TAC apparently has not been served on the newly named defendants. (Defs.' Mot. to Strike, 3:17-19.) The TAC further

added four plaintiffs, and was filed as a putative class action. Finally, the TAC added numerous causes of action. These new causes of action target the scheduling of parole hearings (whereas the SAC only complained of the denial of parole), and allege violations of the Equal Protection and Ex Post Facto Clauses (whereas the SAC only alleged violations of the Due Process Clause).

The TAC was screened pursuant 28 U.S.C. § 1915A, and defendants were ordered to file an answer. The screening order acknowledged the new claims, but did not indicate that the TAC exceeded the scope of the leave to amend. Plaintiffs then notified the Magistrate of their intent to seek leave to file a Fourth Amended Complaint. The Magistrate vacated his order directing defendants to answer the TAC, and directed plaintiffs to "file their motion for leave [to amend] and for class certification."

Plaintiffs now seek leave to file a Fourth Amended and Supplemented Complaint ("FAC"). This complaint names eight individual plaintiffs, only three of whom were named plaintiffs in the TAC, and names as defendants the current members of the Board of Parole Hearings. It also, in plaintiff's words, seeks to "eliminate some causes of action, consolidate others, and to clarify the precise conduct of defendants that is alleged to violate the constitutional rights of Plaintiffs and Plaintiff Class." In this regard, the claims in the FAC are largely the same as those in the TAC, as described above. Finally, plaintiffs seek to supplement their complaint to include a cause of action challenging California's Proposition 9, passed in November 2008,

3

as violating the Ex Post Facto and Due Process clauses.

Plaintiffs' motion for leave to amend was filed on December 15, 2008. On January 29, 2009 (the day before that motion was to be heard), plaintiffs filed a "corrected" proposed Fourth Amended Complaint. This corrected complaint includes one claim that was brought in the TAC, but which was omitted from the originally filed FAC. Although the court is inclined to treat this corrected complaint as a fifth amended complaint, the court accepts the corrected complaint in place of the one originally filed.

Defendants oppose plaintiffs' motion for leave to amend and supplement the complaint. Defendants have also filed a motion to strike the TAC, arguing that the Magistrate Judge granted leave to amend that was limited in scope, that the amendments exceeded this scope, and that they must therefore be rejected.

**I. STANDARDS**

**A. Standard for Amendment Pursuant to Fed. R. Civ. P. 15(a)**

The Federal Rules provide that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "The decision of whether to grant leave to amend [lies] within the discretion of the district court." Leadsinger, Inc. v. BMG Music Publishing, 512 F.3d 522, 532 (9th Cir. 2008). Among the factors which can support denial of leave to amend are

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

4

amendment, [and] futility of amendment.
Id. (quoting Foman v. Davis, 371 U.S. 178, 182 (1962))
(modification in original), Manzarek v. St. Paul Fire & Marine
Ins. Co., 519 F.3d 1025, 1035 (9th Cir. 2008). The party
opposing amendment bears the burden of showing that these
factors are present. DCD Programs, Ltd. v. Leighton, 833 F.2d
183, 187 (9th Cir. 1987) ("The party opposing amendment bears
the burden of showing prejudice.").

Prejudice to the opposing party is the most important of these factors. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam), Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990)(citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 320, 330-31 (1971)).

While delay alone is insufficient to deny amendment, undue delay is a factor to be considered. See Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (affirming district court's denial of motion for leave to amend to add new claims made two years into litigation). Pertinent to consideration of this factor is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading. See Jackson, 902 F.2d at 1388 (citing E.E.O.C. v. Boeing Co., 843 F.2d 1213, 1222 (9th Cir.)).

Amendment may also be denied when it is futile. See Kiser v. General Electric Corp., 831 F.2d 423, 428 (3d Cir. 1987). The test for futility "is identical to the one used when considering the sufficiency of a pleading challenged under Rule

12(b)(6)." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citing Baker v. Pacific Far East Lines, Inc., 451 F. Supp. 84, 89 (N.D. Cal. 1978)).

**B.   Standard for Supplemental Pleadings Pursuant to Fed. R. Civ. P. 15 (d)**

Rule 15 (d) provides that "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc., 668 F.2d 1014, 1057 (9th Cir. 1981).

Rule 15(d) gives district courts broad discretion in allowing supplemental pleadings. Fed. R. Civ. P. 15, advisory committee's note. "The rule is a tool of judicial economy and convenience. Its use is therefore favored." Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988).

> Rule 15(d) . . . is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted. [Rule 15(d) motions are] [s]o useful . . . and of such service in the efficient administration of justice that they ought to be allowed as of

6

| | course, unless some particular reason for disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them. |
|---|---|

Keith, 858 F.2d at 473 (quoting New Amsterdam Casualty Co. v. Waller, 323 F.2d 20, 28-29 (4th Cir. 1963)).

"While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction." Id. at 474. It is enough that the claims share the same "concern." Id. If the original pleading gave defendants notice that the conduct, transaction, or occurrence is of a continuing nature, defendants should be prepared to defend against all claims arising out of it, whether they arose before or after the original complaint was filed. Wright & Miller, 6A Fed. Prac. & Proc. Civ. 2d § 1508.

A supplemental complaint may similarly add new parties who are connected with the original action. See Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 226-227 (1964).

In addition to satisfying the minimal requirement of "some relationship," a supplemental pleading will not be allowed if doing so would be unjust to defendants. In this regard, the standard is the same as the one under Rule 15(a). See Glatt v. Chicago Park Dist., 87 F. 3d 190, 194 (7th Cir. 1996).

////

////

## II. ANALYSIS

**A. Defendants' Motion to Strike The Third Amended Complaint**

Defendants argue that the Magistrate Judge granted leave to file an amended complaint only for the purpose of naming additional defendants, whereas plaintiffs filed a Third Amended Complaint that named additional plaintiffs and causes of action. Defendants further argue that if the TAC is striken, this bolsters defendants' opposition to plaintiffs' motion for leave to file a FAC.

Contrary to defendants' argument, in this case, the court's analysis of plaintiffs' motion for leave to file a FAC is not influenced by whether the SAC or TAC is the "operative" complaint. For the reasons discussed below, the court grants plaintiffs' motion. Accordingly, defendants' motion to strike the TAC is denied as moot.

**B. Plaintiffs' Motion for Leave to File An Amended and Supplemented Complaint**

**1. The Magistrate Granted Permission to File This Motion**

Ordinarily, once a scheduling order has been issued pursuant to Fed. R. Civ. P. 16(b), that scheduling order will limit the time for amending the pleadings. Faced with such a limit, a party seeking leave to amend or supplement a pleading, under Fed. R. Civ. P. 15(a)(2), often must first seek a modification of the scheduling order, under Fed. R. Civ. P. 16(b)(4). AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 952 (9th Cir. 2006) (citing Johnson v. Mammoth

Recreations, Inc., 975 F.2d 604 (9th Cir. 1992)). This rule limits a party's ability to modify pleadings, because while leave to amend pleadings is to be "freely granted," Rule 15(a)(2), modification of a scheduling order requires a showing of "good cause," Rule 16(b)(4).

In this case, the Magistrate Judge's order appointing council for plaintiff vacated the most recent scheduling order. (Order of June 2, 2008). Moreover, the Magistrate's order of December 8, 2008, ordering that "[p]laintiffs shall file their motion for leave [to amend] . . . on or before December 12, 2008,"[1] constituted a modification of any applicable scheduling order. Accordingly, plaintiffs do not now seek modification of a scheduling order, and do not need to meet the "good cause" standard of Rule 16. AmerisourceBergen, 465 F.3d at 952 (when motion to amend complies with scheduling order, Mammoth Recreations does not apply).

### 2. Plaintiff's Motion to Amend

As discussed above, defendants, as the parties opposing amendment, bear the burden of showing that leave to amend should not be granted. DCD Programs, 833 F.2d at 187. Defendants have argued that amendment would unduly prejudice them, that amendment was unduly delayed, and that amendment would be futile.

---

[1] As noted above, this motion was actually filed on December 15, 2008. The court subsequently granted plaintiffs' unopposed request to extend the time to this day.

9

### i. Prejudice

Plaintiffs seek to add numerous additional plaintiffs, additional claims, and class allegations. If the complaint is amended, defendants will consequently incur the costs of defending against a more complicated suit, including the cost of additional likely discovery, and a potentially delayed ultimate resolution of this suit.

Defending a lawsuit, however, necessarily involves significant costs. These costs are not themselves prejudicial. Instead, cases finding that an amendment would prejudice a party have held that allowing the proposed amendments would impose "additional litigation costs that could have easily been avoided" had the proposed amendments been included in the original pleading. AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 953 (9th Cir. 2006).

In AmerisourceBergen, plaintiff filed a breach of contract action, alleging that various pharmaceuticals it received were counterfeit. Defendant filed a counterclaim seeking money owed for delivery of another drug, Procit, and plaintiff's response conceded that the Procit was genuine. Id. at 949. After some discovery, defendant moved for summary judgment on the counterclaim. Plaintiff then filed a cross-motion seeking to amend its response, reversing its earlier position and asserting that the Procit was "tainted." The Ninth Circuit upheld the district court's denial of plaintiff's motion for leave to amend. Plaintiff had provided no reason for its reversal or for

failing to adopt this position initially. Id. at 953 n.9. Determining whether the Procit was tainted would require additional discovery. Completing this discovery would impose a higher than normal cost on defendants, because the period for discovery was drawing to a close, and defendants would therefore have to "scramble" to complete the discovery in time. This added cost was prejudicial, it "could easily have been avoided had [plaintiff] pursued its 'tainted product' theory in its original complaint or reply." Id. at 953.

In Jackson v. Bank of Hawaii, 903 F.2d 1385 (9th Cir. 1990), the Ninth Circuit also focused on avoidable costs. Borrowers had filed suit against a bank. After significant discovery, they sought to amend their complaint to allege different claims. The Ninth Circuit identified three forms of prejudice that would result from allowing the amendment. Id. at 1387-88. Amendment would nullify some of the discovery that had already been conducted. Amendment would force the bank to re-litigate much of a separate suit brought against the bank by its insurer, which sought a declaratory judgment regarding the insurer's obligation to indemnify the bank. Finally, although plaintiffs offered to pay the bank's discovery costs, amendment would require bank officers to participate in discovery rather than their normal duties. Of these three, the first two were costs that would have been avoided had the added claims been in the original complaint; it is unclear whether the third was also in this category.

Prejudice therefore occurs when amendment would unnecessarily raise costs. It also occurs when amendment would diminish the non-moving party's ability to respond to the amended pleading. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). In Morongo Band of Mission Indians, a trial date had already been set, and leave to amend was denied because the remaining time was insufficient to prepare an adequate response.

The Seventh Circuit cases cited by defendants share this approach. Ferguson v. Roberts, 11 F.3d 696 (7th Cir. 1993), Johnson v. Methodist Medical Ctr., 10 F.3d 1300, 1304 (7th Cir. 1993). In Ferguson, proposed amendment to the complaint "would undoubtedly require additional discovery for the defendants to rebut," which, "[g]iven the fast-approaching trial date, . . . would prejudice significantly the defendants in their preparation for trial." Ferguson, 11 F.3d at 707 (emphasis added). In Methodist Medical Ctr., defendant Methodist had filed a motion for summary judgment on all claims against it. The plaintiff responded with a motion for leave to file a third amended complaint, which raised substantially different allegations. Methodist Medical Ctr., 10 F.3d at 1302. The Seventh Circuit held that because the defendant was on the verge of removing itself from the action, requiring the defendant to engage in substantial additional discovery and defend against surprising new claims would cause prejudice. Id. at 1304.

In this case, the proposed amendment, if granted, will

12

expand the scope of this litigation. This expansion will increase the costs borne by defendants. Defendants have not argued, however, that adding these allegations at this point will result in greater costs than defendants would have suffered had these allegations appeared in the original complaint. No discovery already conducted in this case will be rendered moot. Bank of Hawaii, 903 F.2d at 1387. Because the Magistrate Judge has already vacated the scheduling order in this case, defendants' discovery will not be hurried or otherwise more expensive than it would have been had the proposed amendments been included in the original complaint. AmerisourceBergen, 465 F.3d at 953. Raising these claims at this point does not otherwise impede defendants' ability to defend against them. Morongo Band of Mission Indians, 893 F.2d at 1079, Ferguson, 11 F.3d at 707. Accordingly, the granting leave to file the proposed amendments would not significantly prejudice defendants.

### ii. Undue Delay and Bad Faith

Delay is another, although less compelling, reason for denying leave to amend. See Morongo Band of Mission Indians, 893 F.2d at 1079. If the moving party cannot explain the delay, this indicates that the delay is undue. See Bank of Hawaii, 902 F.2d at 1388 (citing E.E.O.C. v. Boeing Co., 843 F.2d 1213, 1222 (9th Cir. 1988)), Swanson v. U.S. Forest Service, 87 F.3d 339, 345 (9th Cir. 1996).

In this case, plaintiffs offer a straightforward

explanation for the delay. For the first three years of this litigation, plaintiff Gilman was proceeding pro se. Counsel was appointed in June of 2008, and counsel has not significantly delayed filing the proposed amendments. Thus, this is not a case where a party that could have reasonably been expected to file the amendments at an earlier point nonetheless chose to sit on its hands.

Defendants also argue that the delay in submitting the FAC was in bad faith. Defendants do not support this argument with any specific allegations or by identifying any inappropriate advantage plaintiffs might seek to gain by filing these amendments or by having delayed in doing so.

### iii. Futility

Defendants also argue that leave to amend should be denied because amendment will be futile, inasmuch as plaintiff's motion for class certification should be denied. The court discusses the class certification motion in a separate order. Here, it suffices to note that the proposed amendments include numerous matters distinct from the class allegations. As such, even if the motion for class certification is denied, defendants have not shown how the remaining amendments would be futile.

### iii. Scope of Leave to Amend

Finally, defendants confusingly argue that like the Third Amended Complaint, the Fourth Amended Complaint exceeds the scope of the leave to amend. As leave to file the FAC has not yet been granted, it is unclear how defendants can argue that

such leave is limited in scope. Moreover, defendants cannot argue that the FAC exceeds the scope of the leave that plaintiffs have requested, because plaintiffs have requested leave to file the attached FAC.

Accordingly, the court grants plaintiff's motion for leave to file an amended complaint.

### 2. Plaintiffs' Supplemental Complaint

Plaintiffs move for leave to supplement the complaint to include a challenge to Proposition 9's amendment to California Penal Code section 3041.5. This challenge could not have been included in the original complaint, which was filed approximately three years before Proposition 9 was passed, and therefore cannot be added by amendment.

Allowing a supplemental complaint is favored a means to promote judicial economy so long as the supplemental and original claims share the same "concern." Keith v. Volpe, 858 F.2d 467, 474-75 (9th Cir. 1988). Defendants rely on one case in which the Ninth Circuit rejected a Rule 15(d) motion because "[t]he supplemental complaint filed by plaintiffs involved a new and distinct action that should have been the subject of a separate suit." Planned Parenthood v. Neely, 130 F.3d 400, 402 (9th Cir. 1997). The Ninth Circuit rested this conclusion on factors clearly not present here. "[A] final judgment had been rendered in the original action four years prior to plaintiffs' request to supplement their complaint," and the court had not retained jurisdiction. Id. Therefore, supplementing the

15

complaint in Neely "did not serve to promote judicial efficiency, the goal of Rule 15(d)." Id.

In the ordinary case, where the original claim has not yet been decided, allowing a supplemental complaint can promote judicial economy even when the supplemental complaint pertains to events that are not part of the same transaction or occurrence. Keith, 858 F.2d at 474. It is enough for the original and supplemental pleadings to involve the same "concern," for example, "the availability of replacement housing for persons displaced by the Century Freeway." Id. at 474-75. Here, the Second Amended Complaint concerned the diminution of availability of parole for a life prisoner, caused by changes in law policy occurring after plaintiff was convicted. The challenge to Proposition 9 shares the same concern. This common concern is enough, even when the supplement adds "new claims, new parties, and events occurring after the original action." Id. at 475 (citing Griffin v. County School Board, 377 U.S. 218, 226 (1964)).

Because resolution of the added claims will necessarily touch on issues already present in this suit, this court concludes that the supplement furthers the policy of judicial economy embodied in Rule 15(d).

### III. CONCLUSION

For the reasons stated above, defendants' motion to strike the Third Amended Complaint is DENIED, and plaintiffs' motion
////

16

for leave to file a fourth amended/supplemental complaint is GRANTED.

IT IS SO ORDERED.

DATED: March 4, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT