UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD M. GILMAN, et al.,

          Plaintiffs,

    v.

J. DAVIS., et al.,

          Defendants.
_____/

NO. CIV. S-05-830 LKK/GGH

O R D E R

This case concerns California's procedures and standards for determining whether prisoners are suitable for parole. Defendants move to stay proceedings at the district court level pending interlocutory review of the court's class certification order. The court resolves this motion on the papers and after oral argument. For the reasons stated below, defendants' motion is granted only in part.

**I. BACKGROUND**

Plaintiffs are eight California prisoners serving life sentences with possible parole. They bring nine claims for relief under 42 U.S.C. § 1983, premised on the Due Process and Ex Post

1

1 Facto clauses of the United States Constitution. Plaintiffs' first
2 through sixth claims argue that when defendants determine whether
3 a prisoner is suitable for parole, defendants base their decisions
4 on various sub rosa policies that are inconsistent with the
5 requirements of California law, such that the justifications
6 advanced to support individual parole decisions are merely pretext.
7 Plaintiffs' seventh and eighth claims challenge the policies
8 regarding scheduling of parole hearings.  Finally, plaintiffs'
9 ninth claim argues that the California constitutional provision
10 granting the governor the power to review parole determinations,
11 as it has been applied, violates the Ex Post Facto Clause of the
12 Federal Constitution.
13    On March 4, 2009, the court certified a class of California
14 state prisoners who: (i) have been sentenced to a term that
15 includes life; (ii) are serving sentences that include the
16 possibility of parole; (iii) are eligible for parole; and (iv) have
17 been denied parole on one or more occasions.  Certification was
18 under Fed. R. Civ. P. 23(b)(2).  In the order certifying a class,
19 the court explained that each of plaintiffs' claims challenged an
20 alleged system-wide policy, and that the presence or absence of
21 such a policy presented a question common to the class and for
22 which named plaintiffs' claims were typical.  Order of March 4,
23 2009, Doc. No. 182 at 11, 12 (citing <u>Armstrong v. Davis</u>, 275 F.3d
24 849, 868 (9th Cir. 2001)).
25    The Ninth Circuit granted defendants' petition to hear an
26 interlocutory appeal of the class certification order, but has not

ordered a stay in this court's proceedings. See Fed. R. Civ. P. 23(f). This court directed the parties to provide further briefing on the effect of this appeal on this court's jurisdiction and ability to proceed, and in particular on the four other motions currently under submission in this case, a motion for a preliminary injunction, a motion to dismiss, and two motions by two pro se prisoners seeking to intervene. Both parties agree that the interlocutory appeal has not divested the court of jurisdiction or stayed the case, and that the court may rule on the motions for a preliminary injunction and dismissal. Plaintiffs agreed, however, that in light of the appeal, any preliminary injunction should be issued only as to the named plaintiffs, to be expanded to the entire class only if the plaintiffs prevail on the appeal of class certification.

Defendants then filed the instant motion seeking to stay all proceedings pending resolution of the interlocutory appeal. Plaintiffs agree that the motions to intervene should be stayed, because intervention will be unnecessary if class certification is upheld. Plaintiffs otherwise oppose the motion.

## II. STANDARD FOR ISSUING A STAY

The court has the inherent power to stay proceedings in cases over which it presides. Rohan ex rel. Gates v. Woodford, 334 F.3d 803, 817 (9th Cir. 2003); Landis v. North American Company, 299 U.S. 248, 254 (1936). In determining whether to issue a stay pending an interlocutory appeal, courts must consider:

////

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987). In applying these factors, the Ninth Circuit has applied a "sliding scale" to evaluate the first three factors, which is defined by its two extremes. Golden Gate Rest. Ass'n v. City of San Francisco, 512 F.3d 1112, 1116 (9th Cir. 2008). At one end, a party seeking a stay may show either "a strong likelihood of success on the merits" of the appeal together with "the possibility of irreparable injury" in the absence of a stay. Id. (quoting Natural Res. Def. Council, Inc. v. Winter, 502 F.3d 859, 862 (9th Cir. 2007)). At the other end, the moving party may show that "serious legal questions are raised and that the balance of hardships tips sharply in its favor." Id. (quoting Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983)).

The standard substantially overlaps the standard for issuance of a preliminary injunction. Nken v. Holder, 129 S. Ct. 1749, 1761 (2009) (citing Winter v. Natural Res. Def. Council, 555 U.S. ___, ___, 129 S. Ct. 365, 370 (2008)); see also Golden Gate, 512 F.3d at 1115. In the preliminary injunction context, the Supreme Court has recently limited the Ninth Circuit's sliding scale approach, holding that a plaintiff must show that "he is likely to suffer irreparable harm in the absence of preliminary relief" regardless

4

of the likelihood of success on the merits. Winter, 129 S. Ct. at 374, rev'g 502 F.3d 859 (9th Cir. 2007). The Supreme Court's decision in Winter did not limit the use of the sliding scale approach in the stay context, however. The Court has held that the two standards are similar "not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." Nken, 129 S. Ct. at 1761. Thus, Winter did not implicitly abrogate Golden Gate, and Golden Gate remains the controlling authority.

### III. ANALYSIS

As explained below, defendants have not satisfied Golden Gate, except as to the motions to intervene. Defendants have raised "serious legal questions," but have not shown likelihood of success on appeal. Defendants have similarly shown a possibility of injury, but not that the balance of hardships tilts in their favor. A minimal showing as to both the merits and irreparable injury is inadequate under Golden Gate. If circumstances change and demonstrate a more concrete and significant likelihood of irreparable injury, defendants may renew their motion.

**A.   Defendant's Likelihood of Success on The Merits on Appeal**

For the reasons stated in the court's order granting class certification, the court remains convinced that class certification is appropriate. The court therefore concludes that defendants have not shown a strong likelihood of success on the merits.

Defendants argue that the court erred in certifying a class

on the basis of allegations rather than evidence, and that even if the allegations were supported by evidence, class certification would be inappropriate in this case.  As to the former issue, the Supreme Court has explicitly stated that certification on the pleadings is in some cases appropriate.  <u>Gen. Tel. Co. of the Southwest v. Falcon</u>, 457 U.S. 147, 160 (1982).  Defendants provide no binding authority, in their motion for a stay or in their petition for interlocutory review, indicating that reliance on allegations is improper here.  Instead, defendants argue that this issue presents the type of "unsettled and fundamental issue of law relating to class actions, important both to the specific litigation and generally, that is likely to evade end-of-the-case review," for which interlocutory review is appropriate.  <u>Chamberlan v. Ford Motor Co.</u>, 402 F.3d 952, 959 (9th Cir. 2005).  Certification may have raised important and unsettled issues, but this fact does not itself demonstrate that reversal is likely.

As to the latter issue, defendants argue that because parole hearings involve individual determinations, it will be impossible for plaintiffs to show that a class wide policy exists.  Ultimately, plaintiffs may fail to produce evidence of such policies.  The question of whether such policies exist, however, is itself susceptible to class-wide determination, and is the controlling question in plaintiffs' claims regardless of whether those claims are brought on an individual or a class basis.  <u>Armstrong v. Davis</u>, 275 F.3d 849, 868 (9th Cir. 2001).  This possibility of ultimate failure on the merits does not indicate

1 that class certification was inappropriate.

2 In sum, defendants have not shown that they are likely to
3 succeed on the merits of their interlocutory appeal. Defendants
4 have, however raised "serious legal questions," Lopez, 713 F.2d at
5 1435, a conclusion bolstered by the Ninth Circuit's decision to
6 grant the petition for review.

7 **B.   Irreparable Injury**

8 Litigation of this case will consume the parties' and the
9 court's resources, but this does not itself demonstrate that denial
10 of a stay will cause injury. The pertinent issue is the likelihood
11 that denial of a stay will impose an irreparable harm on defendants
12 that would have been avoided had a stay been granted. Defendants
13 have not shown that such harm is likely.

14 If the Ninth Circuit reverses the certification decision, that
15 reversal will likely moot any proceedings, discovery or order that
16 relied upon class certification. Thus, the costs associated with
17 those proceedings are costs that would have been avoided had the
18 court issued a stay. Any proceedings, discovery, orders, etc. that
19 do not rely upon class certification, however, will not be rendered
20 moot, and a stay would therefore at most delay, rather than avoid,
21 the imposition on defendants of costs related to such non-moot
22 proceedings.

23 Here, other than the two motions to intervene, defendants have
24 not identified any proceeding that is anticipated in the coming
25 months that would likely be mooted by reversal of class
26 certification. Defendants argue that non-economic injury will

7

result if this court issues orders with "a dramatic effect upon the execution of California state laws and regulations regarding the penal and parole systems" that are later rendered moot. Plaintiffs have requested that the court's order of preliminary injunctive relief, if any, be limited to named class members, and defendants have not identified any other anticipated orders that may affect California laws and regulations. Defendants also argue that "the cost and strategy for discovery and motion-practice to defend this case would be significantly different, depending on whether it is a case with seven or eight plaintiffs, or a class action with up to ten thousand members." Although the court does not require defendants to lay out their entire litigation strategy in order to show entitlement to a stay, on the facts of this case, the court cannot credit defendants' general assertion. Notably, plaintiffs will seek discovery regarding the existence of general policies regardless of whether plaintiffs proceed as individuals or as a class.

Defendants separately argue that proceeding at the district and circuit levels simultaneously places a greater burden on defendants than would litigating at the two levels serially. Litigating all issues at once may require defendants to more heavily staff the case, etc., such that a stay might save the state money even if the stay does not cause any change in the issues that are ultimately litigated. Although this type of harm is plausible, defendants have provided no showing of its potential magnitude.

////

**C.    Hardship to the Non-moving Party**

The measure of the hardship to the plaintiffs is unclear in this case. The claims in this case are that defendants are using improper procedures and tests in determining whether to grant parole. Plaintiffs complaint does not, however, argue that any particular prisoner should have been released on parole, and no such challenge could be made in this 42 U.S.C. section 1983 action. Nonetheless, plaintiffs' opposition to this motion characterizes the complaint as alleging that defendants are "unconstitutionally denying plaintiffs parole despite clear evidence of rehabilitation and lack of risk to public safety."

In essence, plaintiffs seek an opportunity to demonstrate that they meet the California statute's criteria that mandate release on parole. Delay in this opportunity is undeniably a hardship for plaintiffs. In light of defendant's minimal showing as to hardship to defendants, the courts' resolution of this motion does not require a more thorough evaluation.

**D.    Public Interest**

The public interest does not weigh in favor a stay. Defendants argue that hardship to them is also hardship to the public, but as explained above, defendants have provided little showing of such hardship. Defendants also argue that because plaintiffs seek to thwart two voter approved measures, a stay that "may ensure an accurate and efficient judicial resolution to this case" would further the public interest. Other than to describe the possibility of mootness, defendants have not explained how a

9

stay will improve the "accuracy" of this case's resolution, and defendants have not identified any foreseeable orders that will be rendered moot.  It should go without saying that requiring the state to obey the Constitution is in the public interest.

**E.   Balancing of Factors**

Defendants have not shown that they are entitled to a stay under either end of the sliding scale approach, or any point along its continuum.  Because defendants have not show a strong likelihood of success on the merits, defendants must show more than a mere possibility of harm.  Although defendants have demonstrated a possibility of serious legal questions, defendants have not shown that the balance of hardships tips "sharply" in defendants' favor. Defendants' arguments regarding motions or proceedings that may be rendered moot are too speculative to warrant a stay of any motions other than the pending motions to intervene.

## IV. CONCLUSION

For the reasons stated above, the court GRANTS IN PART the motion to stay.  The motion is GRANTED as to the pending motions to intervene, Doc. Nos. 200 and 201.  In all other respects, the motion to stay is DENIED WITHOUT PREJUDICE.  If, as this litigation commences, a party moves for an order whose validity would be implicated by reversal of class certification, defendants may renew their motion.  The parties may commence with discovery and other proceedings relevant to the claims of the named plaintiffs.  This includes discovery relating to the existence of the broad policies alleged by plaintiffs.

1      IT IS SO ORDERED.

2      DATED:   October 15, 2009.

                              _____
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT

11