UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD M. GILMAN, et al.,

         Plaintiffs,

    v.

J. DAVIS., et al.,

         Defendants.
_____/

NO. CIV. S-05-830 LKK/GGH

O R D E R

The above captioned case is a class action concerning numerous constitutional challenges to California's parole system. The class is defined as California state prisoners who: (i) have been sentenced to a term that includes life; (ii) are serving sentences that include the possibility of parole; (iii) are eligible for parole; and (iv) have been denied parole on one or more occasions. Gilman v. Davis, No. Civ. S-05-0830 LKK GGH, 2009 U.S. Dist. LEXIS 21614 (E.D. Cal. Mar. 4, 2009), aff'd 2010 U.S. App. LEXIS 11319 (9th Cir. June 3, 2010). The plaintiff class is represented by counsel. Plaintiffs seek injunctive and declaratory relief.

Currently before this court are sixteen motions to intervene[1] filed by prisoners proceedings pro se. In essence, these prisoners argue that they should be considered class members. Further, many request that this court extend its February 4, 2010 preliminary injunction to include them. No motion contends that the prisoners are not adequately represented in the <u>Gilman</u> class action. Defendants have opposed one motion to intervene.

This court has determined that intervention is not warranted. In this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals. Further, there is no indication that class counsel is not adequately representing the interests of the class.

The court advises the individuals who have filed motions to intervene that if they are members of the <u>Gilman</u> class action for equitable relief from prison conditions they may not maintain a separate, individual suits for equitable relief involving the same subject matter of the class action. See <u>Crawford v. Bell</u>, 599 F.2d

---

[1] The court notes that several of the sixteen motions are captioned motions for permissive joinder. The court construes these motions as motions to intervene because the arguments contained therein are better described as motions to intervene.

2

890, 892-93 (9th Cir. 1979); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (per curiam) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications.").

    For the foregoing reasons, the court ORDERS as follows:

    (1)  The motions to intervene filed by the following individuals are DENIED:

        (a)  Michael L. Hughes, ECF No. 200;

        (b)  Raymond Scott, ECF No. 201;

        (c)  Stephen Liebb, ECF No. 222;

        (d)  Edward S. Renteria, ECF No. 223;

        (e)  David Monroe, ECF No. 224;

        (f)  Felix Lucero, ECF No. 225;

        (g)  Noel Valdivia, ECF No. 227;

        (h)  Clement Brown, ECF No. 233;

        (i)  Richard Gonzalez, ECF No. 241;

        (j)  Stephen Eric Walker, ECF No. 244;

        (k)  Kenneth Scott Rodgers, ECF No. 251;

        (l)  Keith Augustine, ECF No. 253;

        (m)  George Bubier, ECF No. 255;

        (n)  David Scott Curtis, ECF No. 266;

        (o)  Stephen Eric Walker, ECF No. 268; and

1           (p)   John Laponte, ECF No. 269.
2    (2)    The Clerk of Court is instructed to serve a copy of this
3           order upon the sixteen individuals named above at the
4           addresses listed in their motions.
5    IT IS SO ORDERED.
6    DATED: September 15, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4