UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD M. GILMAN, et al.,

        Plaintiffs,

   v.

J. DAVIS., et al.,

        Defendants.
                                 /

NO. CIV. S-05-830 LKK/GGH

O R D E R

The above captioned case is a class action concerning numerous constitutional challenges to California's parole system. The class is defined as California state prisoners who: (i) have been sentenced to a term that includes life; (ii) are serving sentences that include the possibility of parole; (iii) are eligible for parole; and (iv) have been denied parole on one or more occasions. Gilman v. Davis, No. Civ. S-05-0830 LKK GGH, 2009 U.S. Dist. LEXIS 21614 (E.D. Cal. Mar. 4, 2009), aff'd 2010 U.S. App. LEXIS 11319 (9th Cir. June 3, 2010).  The plaintiff class is represented by counsel. Plaintiffs seek injunctive and declaratory relief.
////

1

Currently before this court is a motion for permissive joinder filed by Phillip Adams[1], a prisoner proceeding pro se. In essence, this prisoner argues that he should be considered a class member and requests that this court extend its February 4, 2010 preliminary injunction to include him. He does not contend that he is not adequately represented in the Gilman class action.

This court has determined that permissive joinder is not warranted. In this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals. Further, there is no indication that class counsel is not adequately representing the interests of the class.

The court advises Phillip Adams that if he is a member of the Gilman class action for equitable relief from prison conditions that he may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action. See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged

---

[1] Phillip Adams also seeks permissive joinder of Roeling Adams. Roeling Adams did not sign the motion. Phillip Adams may not represent any party but himself. For this reason, the court construes the motion as applying to Phillip Adams only.

unconstitutional prison conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (per curiam) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications.").

    For the foregoing reasons, the court ORDERS as follows:

(1) The motion for permissive joinder, ECF No. 277, is DENIED.

(2) The Clerk of Court is instructed to serve a copy of this order upon Phillip Adams at the address listed in his motion.

IT IS SO ORDERED.

DATED: October 1, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3