1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8             FOR THE EASTERN DISTRICT OF CALIFORNIA

9
RICHARD M. GILMAN, et al.,
10
                               NO. CIV. S-05-830 LKK/GGH
11         Plaintiffs,

12      v.
                                    O R D E R
13  J. DAVIS., et al.,

14
           Defendants.
15  _____/

16      The above captioned case is a class action concerning numerous

17  constitutional challenges to California's parole system. The class

18  is defined as California state prisoners who: (i) have been

19  sentenced to a term that includes life; (ii) are serving sentences

20  that include the possibility of parole; (iii) are eligible for

21  parole; and (iv) have been denied parole on one or more occasions.

22  Gilman v. Davis, No. Civ. S-05-0830 LKK GGH, 2009 U.S. Dist. LEXIS

23  21614 (E.D. Cal. Mar. 4, 2009), aff'd 2010 U.S. App. LEXIS 11319

24  (9th Cir. June 3, 2010).  The plaintiff class is represented by

25  counsel. Plaintiffs seek injunctive and declaratory relief.

26  ////

                                   1

1    Currently before this court is a motion for permissive joinder
2    filed by Ivan Von Staich, a prisoner proceeding pro se. In essence,
3    this prisoner argues that he should be considered a class member
4    and requests that this court extend its February 4, 2010
5    preliminary injunction to include him. He does not contend that he
6    is not adequately represented in the Gilman class action.

7    This court has determined that permissive joinder is not
8    warranted. In this court's experience, an action brought by
9    multiple inmate plaintiffs proceeding pro se presents procedural
10   problems that cause delay and confusion. Delay often arises from
11   the frequent transfer of inmates to other facilities or
12   institutions, the changes in address that occur when inmates are
13   released to parole, and the difficulties faced by inmates who
14   attempt to communicate with each other and with unincarcerated
15   individuals. Further, there is no indication that class counsel is
16   not adequately representing the interests of the class.

17   The court advises Mr. Von Staich that if he is a member of the
18   Gilman class action for equitable relief from prison conditions
19   that he may not maintain a separate, individual suit for equitable
20   relief involving the same subject matter of the class action. See
21   Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979); see also
22   McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991)
23   ("Individual suits for injunctive and equitable relief from alleged
24   unconstitutional prison conditions cannot be brought where there
25   is an existing class action."); Gillespie v. Crawford, 858 F.2d
26   1101, 1103 (5th Cir. 1988) (per curiam) ("To allow individual suits

1  would interfere with the orderly administration of the class action
2  and risk inconsistent adjudications.").
3       For the foregoing reasons, the court ORDERS as follows:
4       (1)  The motion for permissive joinder, ECF No. 291, is
5            DENIED.
6       (2)  The Clerk of Court is instructed to serve a copy of this
7            order upon Ivan Von Staich at the address listed in his
8            motion.
9       IT IS SO ORDERED.
10      DATED:  December 10, 2010.
11
12
13                            LAWRENCE K. KARLTON
                              SENIOR JUDGE
14                            UNITED STATES DISTRICT COURT
15
16
17
18
19
20
21
22
23
24
25
26

                              3