UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD M. GILMAN, et al., | ) | No. CIV S-05-0830-LKK-GGH |
| Plaintiffs, | ) | **PROTECTIVE ORDER** |
| vs. | ) | |
| ARNOLD SCHWARZENEGGER, et al., | ) | |
| Defendants | ) | |

In accordance with the Order of this Court [Docket Entry No. 294] dated December 9, 2010, and good cause appearing therefore, the undersigned now issues the following Protective Order, as set forth below:

1.   This is an action pursuant to Title 42 U.S.C. section 1983 arising from the alleged constitutional violations sustained by the Class of Plaintiffs. Plaintiffs claim that there is an unwritten policy and practice of systematically refusing to grant parole to inmates convicted of murder. Plaintiffs also claim that Defendants have violated the Ex Post Facto clause through the application of "Marsy's Law" and Article V, section 8(b) of the California Constitution.

2.   Plaintiffs have requested production of documents that contain information regarding the parties, unnamed class members and third parties, which are confidential, of a personal nature and include medical information and other protected

health information within the meaning of the federal Health Insurance Portability and Accountability Act ("HIPAA"). The information and documentation sought includes, not exclusively, portions of and contents of California state prison inmate personal records, medical records, and other sensitive and confidential documentation pertaining to their consideration for suitability for parole. The parties now seek this Protective Order from the Court, rather than pursuant to stipulation, based upon the status of this action as a class action on behalf of numerous inmates from whom it would be difficult or impossible to seek permission or consent to enter into such stipulation with regard to their rights and privacy.

   3.   Confidential information is information which has not been made public and is privileged and confidential and protected from public disclosure under applicable law, including, but not limited to, the right to privacy, the provisions of HIPAA, and other evidentiary protections. Material designated as "confidential" under this order includes the information contained therein, and any summaries, copies, abstracts, or documents derived in whole or in part from materials designated as confidential (hereinafter "confidential material").

   4.   Confidential material will be produced in conjunction with further responses to propounded written discovery and clearly marked as Confidential to protect the rights and privacy of named parties, unnamed class members and third parties.

   5.   Confidential material produced subject to this order shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose. Confidential material may be disclosed or made available only to the court, to court reporters retained in this action, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

   a.   Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

    b. A witness at any deposition or proceeding in this action;

    c. Officers of the Court, including court reporters or others associated with the Court, where disclosure is necessary;

    d. Stenographers, reporters, and other persons involved in recording or transcribing testimony in the Action (including depositions and hearings); and

    e. Any other person as to whom the parties agree in writing.

 Prior to receiving any confidential material, each "qualified person" must be provided with a copy of this Order and must execute a non-disclosure agreement in the form of Attachment A, the original copy of which shall be maintained by the counsel who is providing these materials and whose responsibility it is to obtain execution of Attachment A prior to dissemination of such confidential material.

 6. Any party that files or intends to file with the Court, for purposes of adjudication or use at trial, documents or materials, including the existence of such material in any pleading, motion, exhibit or other paper, designated as Confidential pursuant to this Stipulated Protective Order, should, prior to filing such Confidential documents or materials, move the Court for an order sealing such documents upon a showing of good cause in compliance with the requirements of California Eastern District Court Local Rules 140 and 141, which are heretofore fully incorporated by reference.

 7. Upon the issuance of an order of the Court sealing such documents, all documents or materials designated as Confidential pursuant to this Stipulated Protective Order, and all papers or documents containing information or materials designated as "Confidential" that are filed with the Court for any purpose shall be filed and served under seal, with the following statement affixed to the document or information:

"This envelope is sealed pursuant to the order of the Court and contains Confidential information filed in this case by [name of party] and is not to be opened nor the contents thereof displayed or revealed except by order of the Court."

8. The portion of any deposition in which confidential materials are discussed shall be taken only in the presence of qualified persons, as defined above. The deponent, counsel for deponent, any other named party, or third party, may designate deposition/hearing testimony and exhibits (or portions of transcripts thereof) of any writing in this action as 'Confidential" at any time during the deposition by stating as such on the record and ordering the reporter and all deponents, counsel, or any other party or third party present at the deposition of such fact at that time.  If any portion of a videotaped deposition is designated pursuant to this paragraph, the videocassette or other video tape or disc container shall be labeled with the appropriate legend.

9. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate.  Receipt by any party of any confidential information shall not be either an admission or claim that the information is private, confidential, and/or privileged, as asserted by the providing party, nor an admission with respect to the authenticity, competency, relevance or materiality thereof.

10. All documents designated as "Confidential" shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

   a. The party who claims that the material is Confidential Information withdraws such designation in writing; or

   b. The Court rules the material is not Confidential Information.  If a party contends that any material is not entitled to confidential treatment, such party may at any time apply to the Court for an order removing the confidential designation from any material.

11. This Order shall be without prejudice to present a motion to the court under Federal Rule of Civil Procedure 26 (c) for a separate Protective Order as to any

particular document or information, including restrictions different from those as specified herein.  This shall not be deemed to prejudice the parties in any way in any future application for modification of this Stipulation and Order.

12. Nothing in this Order, nor the production of any information or documentation under the terms of this Order nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver of objections or privileges by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing right or obligation of any party or the absence thereof.

13. At the conclusion of this litigation, in compliance with this Stipulated Protective Order and the provisions of HIPAA (including, but not limited to, 45 C.F.R. § 164.512), the respective parties in possession of such confidential information shall return all confidential and derivative materials within 60 calendar days, or shall certify in writing, that all such materials have been destroyed.

14. This Order shall survive the final termination of this action, and the court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

**With respect to paragraph 6, and the filing of documents protected by this order, the standard to be used when seeking to seal documents in dispositive proceedings is a "compelling reasons" standard, not good cause.  <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 678-79 (9th Cir. 2010).-- ggh**

IT IS SO ORDERED.

Dated: December 22, 2010     /s/ Gregory G. Hollows

_____

Honorable GREGORY G. HOLLOWS

United States Magistrate Judge

Gilman.pro

{00852051.DOC}5

**[PROPOSED] PROTECTIVE ORDER**