UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD M. GILMAN, et al.,

          Plaintiffs,

    v.

EDMUND J. BROWN, et al.,

          Defendants.
                                /

NO. CIV. S-05-830 LKK/GGH

O R D E R

    The above captioned case is a class action concerning numerous constitutional challenges to California's parole system. The class is defined as California state prisoners who: (i) have been sentenced to a term that includes life; (ii) are serving sentences that include the possibility of parole; (iii) are eligible for parole; and (iv) have been denied parole on one or more occasions. Gilman v. Davis, No. Civ. S-05-0830 LKK GGH, 2009 U.S. Dist. LEXIS 21614 (E.D. Cal. Mar. 4, 2009), aff'd 2010 U.S. App. LEXIS 11319 (9th Cir. June 3, 2010).  The plaintiff class is represented by counsel. Plaintiffs seek injunctive and declaratory relief.

////

1

Currently before this court is a motion for permissive joinder filed by Darrel King and Timothy Leang Jones, prisoners proceeding pro se. In essence, these prisoners argue that they should be considered class members. They do not contend that they are not adequately represented in the Gilman class action.

This court has determined that permissive joinder is not warranted. In this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals. Further, there is no indication that class counsel is not adequately representing the interests of the class.

The court advises Darrel King and Timothy Leang Jones that if they are members of the Gilman class action for equitable relief from prison conditions that they may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action. See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (per curiam) ("To allow individual suits would interfere with the

orderly administration of the class action and risk inconsistent adjudications.").

    For the foregoing reasons, the court ORDERS as follows:

    (1) The motion for permissive joinder, ECF No. 360, is DENIED.

    (2) The Clerk of Court is instructed to serve a copy of this order upon Darrel King and Timothy Leang Jones at the address listed in his motion.

    IT IS SO ORDERED.

    DATED: August 16, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3