1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8             FOR THE EASTERN DISTRICT OF CALIFORNIA

9

RICHARD M. GILMAN, et al.,

10

                                NO. CIV. S-05-830 LKK/GGH

11          Plaintiffs,

12      v.

                                O R D E R

13  EDMUND J. BROWN, et al.,

14

            Defendants.

15  _____/

16      On July 25, 2011, the court ordered the parties to show cause

17  why a statistical expert witness should not be appointed pursuant

18  to FRE 706, and if appointment is made, whether the court should

19  apportion such expert costs half to plaintiffs and half to

20  defendants. (Doc. No. 359). The court also instructed the parties

21  to submit nominations for statistical expert witnesses.

22      On August 24, 2011, the parties responded to the order to show

23  cause and submitted nominations for potential expert witnesses.

24  Plaintiffs have agreed that an expert should be appointed and that

25  costs should be apportioned equally. Defendants contend, however,

26  that an expert will not be helpful in the instant case and that

                                1

1   plaintiffs should pay the entire cost of any neutral experts

2   appointed by the court.

3        For the reasons discussed in the order to show cause, the

4   court finds that appointment of a neutral expert witness is

5   appropriate in this case. The court has reviewed the background

6   information for the proposed expert witnesses, and will appoint

7   Professor Richard A. Berk of the University of Pennsylvania. The

8   court is confident that Professor Berk can provide unbiased

9   testimony.[1]

10       Professor Berk's fees are $250 per hour for this case. The

11  court finds this rate to be reasonable. Defendants urge the court

12  to apportion his fees entirely to plaintiffs. They do not argue

13  that they lack the resources to pay the expert costs, but rather

14  contend that plaintiffs should bear any costs because the expert

15  will only be evaluating plaintiffs' evidence. The argument is

16  without merit. The court is appointing an expert because it

17  believes it needs his expertise to evaluate the evidence,

18  regardless of who produced it. Accordingly, it concludes  that

19  costs and fees should be apportioned equally between plaintiffs and

20  defendants.

21       The scope of Professor Berk's expert testimony shall be to

22

23       [1] Defendants appear to have concerns about the ability of an
    expert to be impartial. To perhaps assuage the concerns of
24  defendants about his ability to be neutral, Professor Berk has
    informed the court that he had served as an expert for the
25  California Department of Corrections and Rehabilitation in the past
    and currently serves as an expert for the parole and probation
26  departments of several mid-Atlantic states.

1 determine the statistical probability that Proposition 9 will have

2 the effect of prolonging incarceration for all or some class

3 members. Professor Berk should separately consider the evidence

4 presented by plaintiffs at the April 6, 2011 hearing and the

5 evidence accumulated by plaintiffs to date. In the order to show

6 cause, the court separated the analysis into two separate

7 questions: first, to consider the likelihood that the modified

8 deferral periods will prolong incarceration and second, to consider

9 the likelihood that the advanced hearing process, as applied, will

10 mitigate any prolonged incarceration.[2] The court in no way intends

11 to constrain Professor Berk's analysis, and encourages him to go

12 beyond the limitations of these questions to the extent that he

13 determines that additional analysis will shed light on the question

14 before the court: namely whether Proposition 9 creates a

15 significant risk for increased incarceration by class members.

16　　　　The court further notes that the current motion before the

17 court is for a preliminary injunction. Accordingly, the court

18 recognizes that there may not yet be sufficient evidence from which

19 to draw conclusions as to certain subgroups of the class. The focus

20 of the instant inquiry is whether some or all class members are

21 likely to experience prolonged incarceration as a result of

22

23 　　　　[2] The court notes that in the order to show cause it used the term "significant risk" when describing the questions for expert testimony. Recognizing the ambiguity caused by use of the term

24 significant with respect to statistical expert testimony, the court now makes clear that the expert is to analyze the likelihood of

25 increased incarceration and the court is to determine whether the likelihood demonstrates a significant risk of increased

26 incarceration.

3

1  Proposition 9 before final resolution of this case, and not whether

2  they are likely to experience prolonged incarceration ever. For

3  this reason, the court further instructs Professor Berk to opine

4  on the likely time in which the class or a subgroup of the class

5  will experience a likelihood of prolonged incarceration, if any.

6      Professor Berk is appointed as a neutral expert. For this

7  reason, plaintiffs and defendants may no longer communicate

8  directly with him. The court will coordinate with Professor Berk.

9      Plaintiffs shall submit to the court within fourteen (14) days

10 of the issuance of this order all evidence presented in the

11 evidentiary hearing, all data underlying the summaries and other

12 analyses presented at the hearing, and all data obtained to date

13 from the Rutherford class action and concerning implementation of

14 the advanced hearing process. If possible, plaintiffs shall submit

15 this information in electronic format. Plaintiffs shall also serve

16 a copy of this evidence upon defendants. Upon receipt, the court

17 shall send the evidence to Professor Berk for analysis.

18     Further, a status conference is currently set for September

19 6, 2011. In light of this court's expert appointment, the court

20 vacates the status. The court shall set a further status conference

21 after Professor Berk provides the court with an estimate on the

22 time required to prepare his expert report.

23     For the foregoing reasons, the court ORDERS as follows:

24     (1)   Professor Berk is appointed as a neutral expert witness.

25     (2)   Professor Berk shall be compensated at the rate of $250

26           per hour. He shall quarterly submit itemized bills to

4

1       the court. The court will file the bills and provide the

2       parties with fourteen (14) days to object. The court

3       will then direct payment of the bill, in full or in

4       part.

5   (3)  Plaintiffs shall submit to the court within fourteen

6       (14) days of the issuance of this order an electronic

7       version of all data described above. They must also

8       serve a copy of such data upon defendants.

9   (4)  The September 6, 2011 status in this case is VACATED.

10  IT IS SO ORDERED.

11  DATED:  August 31, 2011.

12

13

14  _____
    LAWRENCE K. KARLTON

15  SENIOR JUDGE
    UNITED STATES DISTRICT COURT

16

17

18

19

20

21

22

23

24

25

26