IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD M. GILMAN,

    Plaintiff,                        No. CIV S-CIV-S-05-0830 GGH P

  vs.

EDMUND J. BROWN, et al.,

    Defendants.               ORDER

/

     By order, filed on October 3, 2001, this court ordered defendants to produce unredacted Executive Case Summaries (ECS) and Decision Face Sheets for all convicted murderers who come within the subclass who were granted parole by the Board of Parole Hearings (BPH) from January 1, 1991, through December 31, 2008, within forty days of the September 29, 2011 hearing on plaintiffs' motion for production of documents.[1] See Order at docket # 3**   The production was ordered subject to a pre-existing protective order.  See docket # 301.

\\\\

---

[1] The subclass is defined as "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 8, 1988" (docket # 340 at 2).

1

1  Defendants have now brought an ex parte motion seeking authorization to redact "information contained in the confidential section of an inmate's c-file," averring that such information relating to "personal, private and confidential information" which "could potentially pose a significant threat to the safety and well-being of incarcerated inmates were the information to fall into the wrong hands." Motion (docket # 378-1), p. 3; see also, Declaration of Michael W. Pott (docket # 378-2) & Declaration of Everett Fischer (docket # 378-2). Defendants contend that the material at issue is information that implicates public safety concerns, is not disclosed outside the California Department of Corrections and Rehabilitation (CDCR), and is not in any way responsive to the plaintiffs' request for production. Docket # 378-1, pp. 3* Defendants maintain that the confidential c-file sections could contain information from a variety of sources over a period of years, concerning an inmate's gang activities and affiliations, drug-running or other illegal/improper prison activities, personal victim information, victims' letters about threats made by the inmate in custody, claims of child molestation. Id. Defendants express concerns about an inmate possibly gaining access to the information in the confidential section of his/her own c-file by way of being a witness at a deposition or hearing or trying to identify the source of confidential information, stating that inmates' access to such information could lead to threats or violence upon inmates, prison staff or members of the public. Id. Defendants state they would provide a privilege log identifying where redactions are made within the ECS's. Id., at 4.

Defense counsel, on or about October 17, 2011, was advised about some of the ECS's containing confidential information from inmate c-files, and spoke with plaintiffs' counsel, on October 19, 2011, to see if plaintiffs would agree to redacting the information. Docket # 378-1, pp. 5-6; Pott Dec. ¶ 3. Plaintiffs would only agree to do so, according to defendants, if defendants would produce ECS's for each person whose case went to the governor for review from January 1, 1991 through December 31, 2008, not just for those classmembers who fit within the parameters of the sub-class definition, those whose offenses took place prior to November 8, 1988 (docket # 340 at 2); as of October 26, 2011, plaintiffs' would not stipulate to

redactions. Id., at 6; Pott Dec., ¶ 6.

Plaintiffs have filed an opposition which the undersigned has considered.

Defendants contend generically that release of confidential information could jeopardize the safety of the inmate whose c-file contains the very generally described information, other inmates, staff, officers and institutional security. Docket # 378-1. Defendants pose hypotheticals that appear to the court to be unlikely scenarios; in any event, they do not support their assertions with specific and concrete evidence.[2] Defendants argue that the protective order to which their production is subject is not sufficient to cover every scenario they can craft. That may be true of any protective order. However, the remedy for an unexpected, future potential prejudicial dissemination of specific, truly confidential information is not the grant of unilateral authority to excise information from a volume of exhibits; the remedy is to fashion a more "protective" protective order, e.g., restricting some information to attorneys' eyes only. Moreover, defendants do not demonstrate that anything contained on the ECS would not also have been contained in the record before the Board of Parole Hearings (BPH) – a record that may well have also been available to the inmate.

The court will not revisit its ruling at this time. The court will not provide a blanket order approving across-the-board redactions of a portion or portions of Executive Case Summaries that defendants in their unilateral discretion might deem ultra-confidential.

To cover the situation where an ECS may be presented by plaintiffs' counsel to an inmate at his deposition (unlikely), the court orders: that no such Executive Case Summary shall be exhibited to the inmate without plaintiffs' counsel having notified defendants' counsel in the notice of deposition that a specific Executive Case Summary(s) will be utilized as an exhibit at the inmate deposition. If counsel cannot agree that the information is truly sensitive such that it

---

[2] For example, it is highly unlikely that an inmate in deposition, assuming even that such a deposition is necessary, that information other than that pertaining to that particular inmate would be shown. Even if there were confidential information related specifically to the inmate undergoing deposition, that remote possibility can be easily remedied. See above.

should not be shown at all to the inmate, or agree to appropriate redaction, no such Executive Case Summary(s) shall be exhibited at the deposition until further order of the court.  If the above protection remains inadequate, defendants are not foreclosed from bringing a motion/stipulation to remedy that particular, further inadequacy.  However, if the undersigned ultimately finds that the further motion has unnecessarily delayed discovery in this action, sanctions will be imposed.

Accordingly, IT IS ORDERED that defendants' October 26, 2011 (docket # 378) ex parte motion for redaction of certain information from the Executive Case Summaries, previously ordered produced subject to a protective order, is denied except insofar as the court has ordered additional protections above.

DATED: October 28, 2011

       /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
gilm0530.ord2