UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD M. GILMAN, et al.,

                               NO. CIV. S-05-830 LKK/GGH

        Plaintiffs,

   v.

                             O R D E R

EDMUND G. BROWN, JR., et al.,

        Defendants.

_____/

     The above captioned case is a class action concerning numerous constitutional challenges to California's parole system. The class is defined as California state prisoners who: (i) have been sentenced to a term that includes life; (ii) are serving sentences that include the possibility of parole; (iii) are eligible for parole; and (iv) have been denied parole on one or more occasions. Gilman v. Davis, No. Civ. S-05-0830 LKK GGH, 2009 U.S. Dist. LEXIS 21614 (E.D. Cal. Mar. 4, 2009), aff'd 2010 U.S. App. LEXIS 11319 (9th Cir. June 3, 2010).  The plaintiff class is represented by counsel. Plaintiffs seek injunctive and declaratory relief.

////

1    Currently before this court is a motion for permissive joinder

2 filed by Karimi Sutton, a prisoner proceeding pro se. In essence,

3 this prisoner argues that he should be considered a class member

4 and requests that this court extend its February 4, 2010

5 preliminary injunction to include him. He does not contend that he

6 is not adequately represented in the <u>Gilman</u> class action.

7    This court has determined that permissive joinder is not

8 warranted. In this court's experience, an action brought by

9 multiple inmate plaintiffs proceeding pro se presents procedural

10 problems that cause delay and confusion. Delay often arises from

11 the frequent transfer of inmates to other facilities or

12 institutions, the changes in address that occur when inmates are

13 released to parole, and the difficulties faced by inmates who

14 attempt to communicate with each other and with unincarcerated

15 individuals. Further, there is no indication that class counsel is

16 not adequately representing the interests of the class.

17    The court advises Karimi Sutton that if he is a member of the

18 <u>Gilman</u> class action for equitable relief from prison conditions

19 that he may not maintain a separate, individual suit for equitable

20 relief involving the same subject matter of the class action. <u>See</u>

21 <u>Crawford v. Bell</u>, 599 F.2d 890, 892-93 (9th Cir. 1979); <u>see also</u>

22 <u>McNeil v. Guthrie</u>, 945 F.2d 1163, 1165 (10th Cir. 1991)

23 ("Individual suits for injunctive and equitable relief from alleged

24 unconstitutional prison conditions cannot be brought where there

25 is an existing class action."); <u>Gillespie v. Crawford</u>, 858 F.2d

26 1101, 1103 (5th Cir. 1988) (per curiam) ("To allow individual suits

1  would interfere with the orderly administration of the class action
2  and risk inconsistent adjudications.").

3      For the foregoing reasons, the court ORDERS as follows:

4      (1)  The motion for permissive joinder, ECF No. 386, is
5          DENIED.

6      (2)  The Clerk of Court is instructed to serve a copy of this
7          order upon Karimi Sutton at the address listed in his
8          motion.

9      IT IS SO ORDERED.

10      DATED:  December 5, 2011.

11
12
13
14          LAWRENCE K. KARLTON
        SENIOR JUDGE
15          UNITED STATES DISTRICT COURT
16
17
18
19
20
21
22
23
24
25
26