IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD M. GILMAN,

    Plaintiff,                       No. CIV S-CIV-S-05-0830 GGH LKK

    vs.

EDMUND J. BROWN, et al.,

    Defendants.            ORDER

_____/

        By order, filed on October 3, 2001, this court ordered defendants to produce, within forty days of the September 29, 2011, hearing on plaintiffs' motion for production of documents: a) unredacted Executive Case Summaries (ECS) for all convicted murderers who come within the subclass[1] who were granted parole by the Board of Parole Hearings (BPH) from January 1, 1991, through December 31, 2008, and b) unredacted Decision Face Sheets for all convicted murderers within the subclass granted parole by the BPH from January 1, 2009 to August 31, 2011. See Order at docket # 377. The production was ordered subject to a pre-existing protective order. See docket # 301. A subsequent ex parte motion brought by

---

[1] The subclass is defined as "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 8, 1988" (docket # 340 at 2).

1

defendants for redaction of certain information from the Executive Case Summaries was denied except insofar as a procedure was set forth by the court in the unlikely event of plaintiffs' counsel intending to present an ECS to an inmate at his deposition. See docket # 380.

On April 9, 2012, plaintiffs filed an ex parte request for modification of the discovery order at docket # 377 in the form of this court's altering the requirement for production of unredacted Decision Face Sheets (DFS) as set forth above (in section b) to production of Executive Case Summaries for the period from January 1, 2009 to August 31, 2011, for the relevant subclass members. See docket # 412. Plaintiffs protest defendants' failure to have provided the parole release dates on the DFS, one of the critical pieces of information to be provided that plaintiffs maintain was necessary for their agreement to accept DFS for that period of time. Id. Plaintiffs are dissatisfied with defendants' offer to review the ECS themselves and provide plaintiffs with the parole release dates and with defendants' representation that this compilation cannot be before April 19, 2012. Id. It is plaintiffs' position that the omission of the parole release dates signifies a lack of compliance by defendants to the discovery production order and that they should now be permitted access to the raw data that supports the release dates and not be limited to reliance on defendants' own compilation of dates. Id. Plaintiffs indicate that they just discovered parole release dates were missing in March of 2012, even though the discovery had been produced in early November of 2011, because counsel's review of the material began with the earliest dated material (which covered a period of 18 years) and the data for the last two and a half years was not reached until last month. Id.

Defendants, on April 10, 2012, filed an opposition to the ex parte discovery order modification request objecting to the filing of the request ex parte contending that plaintiffs have not shown the requisite urgency to file such a request and arguing, nevertheless, against the merits of the request, asserting that they had indicated that the DFS would only include an inmate's name, identification number and prison term set by the BPH and that they have complied with the discovery order. See docket # 413. Despite this, defendants concede

plaintiffs' perception that the DFS would include the parole release dates, averring that a spreadsheet is in the process of being compiled from the BPH's relevant ECS which spreadsheet will identify each inmate by name, prison correctional number, and the parole release date in the Executive Case Summaries. Id.

It is not clear to the court why defendants are reluctant to simply produce the ECS for the relevant period for the appropriate subclass; however, it is even less clear why defendants' willingness to compile the data at issue does not resolve the matter.[2] The court will deny plaintiffs' request for Executive Case Summaries from January 1, 2009 to August 31, 2011 but will require defendants to submit the parole release dates for that period for the relevant subclass to plaintiffs by no later than April 19, 2012, attesting, under penalty of perjury, to the accuracy and comprehensiveness of the identifying information and parole dates.

Accordingly, IT IS ORDERED that:

1. Plaintiffs' April 9, 2012 (docket # 412), request for modification of the discovery order at docket # 377 is denied insofar as plaintiffs' seek an order requiring production of Executive Case Summaries for the period for which Decision Face Sheets have been produced, but defendants are hereby directed to provide a spreadsheet that provides each inmate's name, correctional identification number and parole release date from the Executive Case Summaries for all convicted murderers within the subclass granted parole by the BPH from January 1, 2009 to August 31, 2011; and

\\\\\

\\\\\

\\\\\

---

[2] Plaintiffs originally agreed to production of the Face Sheets (DFS) in lieu of the ECS for the time period in question, assuming, one can suppose that the pertinent dates would be on the Face Sheets. If that information is given to plaintiff in another usable form, why would plaintiffs care? The undersigned can only surmise that a level of distrust exists between the parties. However, the court has no evidence of record that defendants and their counsel are so inefficient, deficient or worse, such that a compilation of the critical data cannot be trusted.

3

2. The spreadsheet identifying inmates and their parole release dates must be produced to plaintiffs by no later than April 19, 2012, and must be submitted with a declaration under penalty of perjury attesting to its accuracy and completeness.

DATED: April 11, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
gilm0830.ord3