UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD M. GILMAN, et al.,

          Plaintiffs,

    v.

EDMUND G. BROWN, JR., et al.,

          Defendants.

                             NO. CIV. S-05-830 LKK/GGH

                             O R D E R

/

    This is a certified class action brought by prisoners sentenced to life terms with the possibility of parole.

    Plaintiffs have moved for leave to file an amended complaint deleting their remaining Due Process claims. Defendants oppose granting leave to amend on the grounds that the motion is untimely, and there is no good cause to grant the motion. For the reasons set forth below, the court will deny plaintiffs' motion to amend their complaint.

    In addition, defendants have moved to de-certify all three plaintiff classes – one class for the remaining Due Process claims, and one class for each of the ex post facto claims – and for

1

summary judgment on all claims. The court has scheduled those motions for hearing on September 14, 2012. At oral argument on plaintiffs' motion to amend the complaint however, plaintiffs stated that they did not oppose defendants' motion to de-certify the class certified for Claims 1, 3 and 6 (the remaining Due Process Claims). Accordingly, defendants' motion to de-certify that class will be granted in this order.

**I. BACKGROUND**

Plaintiffs are three certified classes of "all California state prisoners who have been sentenced to a life term with possibility of parole." Order Amending Definitions of Certified Class (Dkt. No. 340) ¶¶ 1-3. Members of the first class (which relates to Claim 8, an ex post fact challenge), were sentenced "for an offense that occurred before November 4, 1998." Id., ¶ 1. Members of the second class (which relates to Claim 9, an ex post fact challenge), were sentenced "for an offense that occurred before November 8, 1988." Id., ¶ 2. Members of the third class (which relates to the remaining claims), "have reached eligibility for a parole consideration hearing." Id., ¶ 3.

The Fourth (Corrected) Complaint (Dkt. No. 175) alleges that defendants – the Governor and Parole Board officials – have engaged in unconstitutional policies and practices that have resulted in the state's failure to set a parole date for prisoners sentenced to life terms, despite California law's presumption that a parole date "shall normally" be set for them. Plaintiffs also allege that the California Victims' Bill of Rights Act of 2008 ("Proposition

9"), as well as Proposition 89, amended the California Constitution so as to retroactively increase the plaintiffs' punishment, by increasing their terms of incarceration. Plaintiffs allege that these practices and laws violate their federal Due Process rights (Claims 1, 3 and 6), and subject them to increased penalties in violation of the ex post facto clause of the U.S. Constitution (Claims 8 and 9).[1]

On May 3, 2012, this court signed the Status (Pretrial Scheduling) Conference Order ("Scheduling Order," Dkt. No. 417). In compliance with the scheduling order, on August 7, 2012 defendants timely filed a motion for summary judgment, a motion to decertify the class and a request to seal documents (Dkt. Nos. 425, 426 & 439). Those motions were noticed to be heard on September 4, 2012.[2] The summary judgment motion is first directed to the surviving Due Process claims, which defendants assert were abandoned by plaintiffs, because plaintiffs proffered no evidence in support. The motion is next directed to the ex post facto claims, which defendants attack on the law.

On the same day (August 7th), plaintiffs timely filed a motion for summary judgment or for preliminary injunction (Dkt. No. 428). Plaintiffs' summary judgment motion makes no mention of the Due Process claims. It seeks judgment (or preliminary injunction) only

---

[1] This court previously dismissed or granted judgment on the pleadings for the remaining Due Process claims (Claims 2, 4, 5 and 7), and the Due Process portion of Claim 8 (Dkt. Nos. 217 & 420).

[2] The Scheduling Order states that Law & Motion must be completed by September 16, 2012.

3

on the <u>ex post facto</u> claims.

On August 21, 2012, plaintiffs filed a motion seeking leave to amend the complaint, together with a request for an order shortening the time for hearing the motion. The request to shorten the time for hearing the motion was necessary because, pursuant to the Local Rules and this court's calendar, the earliest a motion filed August 21, 2012 could otherwise be heard would be October 1, 2012, after the deadline set by the Scheduling Order.

**II.  ARGUMENTS**

**A.  Plaintiffs – Leave To Amend Is Freely Granted**

In their late-filed motion for leave to amend the complaint, plaintiffs are quite open about their failure to prosecute the Due Process claims that they now seek to delete from their complaint (Claims 1, 3 and 6), by amendment. Plaintiffs admit that it was not until after they had received defendants' motion for summary judgment on those claims that they decided it was time to drop them. Plaintiffs offer no explanation for why they did not move to delete those claims from the complaint in a timely manner.

Plaintiffs' only explanation for why they want to delete the claims by amendment – rather than by simply filing a Statement of Non-Opposition, by or stipulating to their dismissal – is that they wish to avoid the possible preclusive effect of non-opposition or voluntary dismissal. However, they offer no authority in support of the notion that they can avoid the preclusive effect of a dismissal or statement of non-opposition by amending the claims out

////

4

of their complaint at this time.[3]

Nevertheless, plaintiffs argue that leave to amend should be granted now because under Fed. R. Civ. P. 15(a), leave to amend should be freely granted when justice so requires, and where defendants will suffer no prejudice.

### B.  Defendants - Leave To Amend After A Scheduling Order Is Granted Only with Good Cause.

Defendants argue that because the court has already issued a Scheduling Order, Fed. R. Civ. P. 16(b) applies, which bars further amendment of the pleadings except with "good cause." Defendants point out that plaintiffs have made no showing of good cause. Further, they assert that they will be prejudiced by having plaintiffs drop claims without consequences after defendants have litigated those claims for years.

### III. LATENESS - SHOULD THE COURT CONSIDER THE MOTION TO AMEND?

Plaintiffs' request for an order shortening time asserted that if the remaining Due Process claims could not be deleted by amendment, their dismissal as part of defendants' summary judgment motion (or by stipulated dismissal) would have a preclusive effect on class members who might otherwise wish to proceed as individuals on those claims. Defendants' opposition to the request quite

---

[3] Plaintiffs assert that "[f]or the reasons already articulated by this Court when it denied Defendants' motion for judgment on the pleadings as to the remaining due process claims, Plaintiffs' counsel cannot take a position that could potentially bar future individual plaintiffs from pursuing whatever post-Cooke due process relief remains." No such discussion appears in the referenced order (Dkt. No. 420). If plaintiffs are referring to a discussion that occurred during oral argument, they should direct the court's attention to the transcript, which they have not done.

5

reasonably focused on plaintiffs' tardiness, and did not respond to plaintiffs' concerns about the preclusive effects of a stipulated dismissal or summary judgment relative to the Due Process claims.

The court determined that it would not forever preclude members of the plaintiff class from pursuing claims which this court had previously found might be meritorious, without further briefing on the matter. Accordingly, this court granted the request for an order shortening time. The motion for leave to amend the complaint was accordingly heard on September 4, 2012, before the Scheduling Order's September 16, 2012 deadline. Because the motion was scheduled and heard within the time specified by the Scheduling Order, the court will consider the motion.

However, the court notes that plaintiffs took an extraordinary risk by proceeding in the manner they did. Had the court denied the request for an order shortening time, plaintiffs could not have amended their complaint, and their own conduct might well have brought down upon them the preclusive consequences they seek to avoid (assuming their concerns about preclusion of the Due Process claims are well founded).

The court cautions all counsel appearing before this court that requests for orders shortening time are not routinely granted. Accordingly, such requests may not be relied upon to rescue counsel or their clients from the consequences of failing to comply with a scheduling order or any other order of this court.

////

**IV.   STANDARDS**

**A.   Which Standard Applies – Rule 15(a)'s or Rule 16(b)'s?**

Rule 15(a) provides that in all cases other than those in which the complaint can be amended as a matter of course,[4] or where the opposing party gives written consent, the complaint may be amended only with the court's leave. Fed. R. Civ. P. 15(a)(2). Moreover, "[T]he court should freely give leave when justice so requires." Id. Defendant argues that the more stringent "good cause" standard of Rule 16(b) applies, not the more lenient standard of Rule 15(a).

Defendants are correct, although not for the reasons they argue. Defendants argue that in this circuit, "a request for leave to amend after the entry of a Rule 16 Scheduling Order is governed primarily by Rule 16(b)," which permits amendment only upon a showing of "good cause," citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992). In fact, the Ninth Circuit has expressly rejected this interpretation of Johnson:

> Federal Rule of Civil Procedure 16 has no effect on the operation of Federal Rule of Civil Procedure 15(a) principles in this case. In Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir.1992), we held that Rule 15(a) did not apply, not because Rule 15 is trumped by Rule 16 once the district court filed a pretrial scheduling order, but rather because the party in Johnson had failed to file his motion to join additional parties within the period of time set in the

---

[4] A party may amend the complaint once "as a matter of course," if it does so within 21 days of filing the initial complaint, or within 21 days of being served with certain Rule 12 motions. See Fed. R. Civ. P. 15(a)(1). This Rule is not applicable to this motion, filed years after the initial complaint was filed.

7

district court's scheduling order. Id. at 607-08. AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 952 (9th Cir. 2006).

Thus, the Ninth Circuit rule is that Rule 16(b)'s "good cause" standard applies only after the court "ha[s] filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline ha[s] expired before [the moving parties] moved to amend." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000), cert. denied, 533 U.S. 950 (2001), citing Johnson, 975 F.2d at 607-09.[5]

However, defendants are correct that Rule 16(b) applies here. The reason is that according to the Scheduling Order, the deadline for amending the complaint expired on May 3, 2012, the date of the Scheduling Order itself:

> No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown. See Johnson v. Mammoth Recreations, Inc., 975 F.3d 604 (9th Cir. 1992).

Since plaintiffs' motion to amend was filed and heard after May 3, 2012, the deadline set by the Scheduling Order, it is governed by the "good cause" standard of Rule 16(b).

**B.   Rule 16(b).**

Under Rule 16(b), the court may grant the motion to amend only

---

[5] Accord, Ziptronix, Inc. v. Omnivision Technologies, Inc., 2012 WL 3155554 at *1 (N.D. Cal. 2012) (Armstrong, J.) ("under Rule 16(b), once the deadline for amending pleadings established in a court's pretrial scheduling order passes, a party may amend its pleadings 'only for good cause and with the judge's consent'").

8

if plaintiffs show "good cause" for it.  Plaintiffs offer two reasons for granting leave to amend.[6]  First, plaintiffs wish to avoid the preclusive effect on individual class members of suffering a summary judgment on (or dismissal of) the remaining Due Process claims.  However, the court has already determined that it will, in this order, decertify the remaining Due Process classes. With no class certification, it does not appear that the former class members will be precluded from pursuing their claims individually.  Accordingly, this concern of plaintiffs is moot.

Second, plaintiffs assert that deleting the remaining Due Process claims would "promote the more efficient adjudication of the case by narrowing the focus of the parties and the court on the central areas of dispute."  However, plaintiffs have already accomplished this goal by conceding that they have abandoned the remaining Due Process claims, and by not opposing defendants' motion for summary judgment on those claims.  By their conduct, plaintiffs have eliminated the Due Process claims from consideration.  Absent some extraordinary and unexpected change in circumstances, defendants' motion for summary judgment on those claims will likely be granted without further effort on anyone's part.

Meanwhile, defendants have made a convincing case of plaintiffs' "lack of diligence," "careless[ness]" in failing to

---

[6] The court notes that plaintiffs offered these explanations under the mistaken belief that their motion would be governed by the lenient standards of Rule 15(a).

9

move to amend the complaint earlier, unjustifiable failure to prosecute their case, and that plaintiffs simply "sat on their hands" all this time.

The court concludes that plaintiffs have shown no "good cause" for permitting amendment of their complaint.

**IV. CONCLUSION**

For the reasons set forth above

1. Defendants' unopposed motion to de-certify the class for Claims 1, 3 and 6 – "all California state prisoners who have been sentenced to a life term with possibility of parole and have reached eligibility for parole consideration hearing" – is hereby **GRANTED**;[7] and

2. Plaintiffs' motion to amend the complaint (Dkt. No. 432), is hereby **DENIED**.

IT IS SO ORDERED.

DATED: September 6, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[7] In granting this unopposed motion, the court does not address or adopt any of defendants' legal arguments for de-certifying the class. The remainder of defendants' de-certification motion – to decertify the classes for Claims 8 and 9 – is currently scheduled for hearing on September 14, 2012.

10